OPINION
{¶ 1} On January 8, 2003, the Muskingum County Grand Jury indicted appellant, Tony Buechner, on one count of complicity to aggravated robbery with a firearm specification in violation of R.C. 2923.03 and one count of theft in violation of R.C. 2913.02, Case No. CR2003-007B. Said charges arose from a robbery of the BP gas station in Duncan Falls, Ohio.
 {¶ 2} On May 19, 2003, appellant was arraigned on a bill of information on one count of complicity to illegally convey prohibited items onto grounds of a detention facility or institution in violation of R.C. 2923.03, Case No. CR2003-0134.
 {¶ 3} On May 19, 2003, appellant pled guilty as charged. By judgment entries filed June 16, 2003, the trial court sentenced appellant to a total aggregate term of six years in Case No. CR2003-007B, three of those years mandatory for the firearm specification, and two years in Case No. CR2003-0134, to be served consecutively.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred in sentencing the defendant to consecutive prison terms by not `engaging in the analysis' required by R.C. § 2929.14(E)(4)."
 II {¶ 6} "The trial court abused its discretion in sentencing the appellant to five years total in prison considering R.C. 2929.12 and R.C.2929.13."
 I, II {¶ 7} Appellant claims the trial court erred in sentencing him to three years on the complicity to commit aggravated robbery count and two years on the complicity to illegally convey prohibited items onto grounds of a detention facility or institution count, and then ordering them to be served consecutively. We disagree.
 {¶ 8} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 9} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 10} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 11} "(b) That the sentence is otherwise contrary to law."
 {¶ 12} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 13} Appellant pled guilty to complicity to commit aggravated robbery with a firearm specification, a felony of the first degree, and complicity to illegally convey prohibited items onto grounds of a detention facility or institution, a felony of the third degree. Pursuant to R.C. 2929.14(A)(1), felonies of the first degree are punishable by "three, four, five, six, seven, eight, nine, or ten years." Felonies of the third degree are punishable by "one, two, three, four, or five years." R.C. 2929.14(A)(3). By judgment entries filed June 16, 2003, the trial court sentenced appellant to three years on the aggravated robbery count and two years on the illegal conveyance count, to be served consecutively.
 {¶ 14} Appellant argues the trial court erred in sentencing him to an aggregate term of five years (not counting the three year mandatory sentence for the firearm specification), and in using "boilerplate language" in ordering the sentences to be served consecutively. We note appellant agreed to the sentence in his pleas of guilty on May 19, 2003. Within these documents, it is stated the following:
 {¶ 15} "In exchange for the Defendant's plea to the within-stated offenses, the State recommends that the Defendant receive a three (03) year prison sentence for the 1st degree felony offense; that he receive a three year mandatory consecutive sentence for the gun specification, that the misdemeanor run concurrent thereto. This sentence shall run consecutive to Case # CR-2003-0134.
 {¶ 16} "In exchange for the Defendant's plea to the within-stated offenses, the State is recommending that the Defendant receive a two (2) year prison sentence, with said sentences to run consecutive to CR2003-007B."
 {¶ 17} During the plea hearing, the state recommended a "three year prison sentence" on the aggravated robbery count, a "three year mandatory consecutive sentence" for the firearm specification, and a "two year prison sentence" on the illegal conveyance count. May 19, 2003 T. at 4-5. The state also recommended the sentences should run consecutively. Id. Appellant acknowledged his understanding of the plea agreement. Id. at 5-8, 11-13. The trial court informed appellant of the possible sentences. Id. at 6-8. The trial court asked appellant, "And you also understand you have a right to appeal your case within 30 days of sentencing, but by pleading guilty you severely limit the chances of any appeal being successful?" Id. at 15. Appellant responded in the affirmative. Id.
 {¶ 18} Upon review, we find the trial court sentenced appellant per the state's recommendation as agreed to by appellant. The trial court did not err in sentencing appellant per the plea agreement.
 {¶ 19} Assignments of Error I and II are denied.
 {¶ 20} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.