OPINION
{¶ 1} Appellant Dale Yeager pleaded guilty to three counts of sexual battery, two counts of pandering obscenity involving a minor, and one count of possession of criminal tools. Ninety-four other charges were dropped as part of the plea. The Carroll County Court of Common Pleas sentenced Appellant to five years in prison on each of the sexual battery charges, eighteen months on each of the pandering charges, and twelve months on the possession of criminal tools charge, all to be served consecutively. In this pro se appeal, Appellant challenges the trial court's imposition of maximum consecutive prison terms, alleges ineffective assistance of counsel in the failure to object to these sentences, and asserts that he was not given a proper hearing to determine his adjudication as a sexual predator. We find no reversible error in the trial court proceedings, and the judgment of the Carroll County Court of Common Pleas is affirmed.
 FACTS AND PROCEDURAL HISTORY {¶ 2} On September 1, 1998, the Carroll County Grand Jury indicted Appellant on 84 counts of sexual battery, all third degree felonies, R.C. § 2907.03(A)(5). This was designated as Case No. 3922 in the Carroll County Court of Common Pleas. Appellant was released under a $10,000 personal recognizance bond. The victim of the crime was Appellant's daughter, who was a minor at the time of the crimes. Her exact age is not clear from the record, but it appears that she was fourteen or fifteen years old when the crimes first began to occur. The victim also became pregnant by her father as a result of his crimes.
 {¶ 3} On November 2, 1998, the grand jury indicted Appellant on eight counts of pandering sexually oriented matter involving a minor, five counts of pandering obscenity involving a minor, one count of possession of criminal tools, and two counts of disseminating matter harmful to juveniles. This was designated as Case. No. 3944. Bond was set at $50,000. Appellant posted the required 10% cash portion of the bond and was released. Appellant subsequently fled the jurisdiction and a warrant for his arrest was issued on January 25, 1999. Appellant was arrested again on May 11, 1999, and bond was set at $5 million.
 {¶ 4} On May 24, 1999, Appellant signed two Crim.R. 11 plea agreements in the two cases pending before the Carroll County Court of Common Pleas. In Case No. 3922, Appellant agreed to plead guilty to three counts of sexual battery, a violation of R.C. § 2907.03(A)(5). These were all third degree felonies punishable by up to five years in prison. In Case No. 3944, Appellant agreed to plead guilty to two counts of pandering obscenity involving a minor in violation of R.C. §2907.321(A)(5), which were fourth degree felonies punishable by up to 18 months in prison. Appellant also agreed to plead guilty to one count of possession of criminal tools in violation of R.C. § 2923.24(A), a fifth degree felony punishable by up to 12 months in prison. The remaining 94 counts in the two cases were nolled and dismissed.
 {¶ 5} On May 24, 1999, the trial court held a change of plea and sentencing hearing. The court accepted Appellant's guilty pleas in the two cases, and sentenced Appellant to the maximum prison term for each count. On May 24, 1999, the court filed separate judgment entries in each of the two cases. The court imposed three consecutive five-year prison terms in Case No. 3922. The court imposed two 18-month and one 12-month consecutive prison terms in Case No. 3944, and ordered that the sentences in Case No. 3944 be served consecutive to the sentences in Case. No. 3922. The court also held a sexual predator determination hearing and accepted Appellant's stipulation that he was a sexual predator.
 {¶ 6} On April 1, 2003, Appellant filed a pro se motion for leave to appeal both judgment entries pursuant to App.R. 5. The motion for delayed appeal was granted on December 10, 2003.
 ASSIGNMENTS OF ERROR NOS. 1 and 3 {¶ 7} Appellant's first and third assignments of error are related and will be addressed together:
 {¶ 8} "The trial court erred when it sentenced the appellant to a term of incarceration greater than the minimum term without making the required findings on the record, that the minimum term would demean the seriousness of the offense or not adequately protect the public.
 {¶ 9} "The trial court committed plain error when entering erroneous information of repeat offender status."
 {¶ 10} Appellant contends that a court may not sentence a defendant to more than the minimum allowable term of imprisonment without making the findings required by R.C. § 2929.14(B), which stated at the time of Appellant's sentencing (former H.B. 2, effective 1-1-1999):
 {¶ 11} "(B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if theoffender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 12} The statute that Appellant relies upon states that it does not apply if the offender has previously served a prison term. The record of the sentencing hearing contains the following dialogue:
 {¶ 13} "THE COURT: And you have, as I recall, a prior felony conviction, do you not?
 {¶ 14} "MR. YEAGER: Yes your Honor.
 {¶ 15} "THE COURT: Actually two, one in December of '73, case No. 2289 and again in May of '89, case No. 3171. So you are a repeat offender. Is that correct?
 {¶ 16} "MR. YEAGER: Yes sir." (Tr., p. 7.)
 {¶ 17} The two judgment entries on appeal in this case also specifically note that Appellant has served a previous prison term.
 {¶ 18} Appellant contends that the trial judge did not actually ask him if he had served a prison term, but only asked if he had been previously convicted. Appellant maintains that he never served a prison term as part of any of his former convictions.
 {¶ 19} In rebuttal, Appellee argues that Appellant agreed to the sentence imposed by the trial court and that the sentence is not an appealable issue. Appellee cites R.C. § 2953.08(D), which states:
 {¶ 20} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 21} It is well-established that a sentence that is agreed upon as part of a negotiated plea, and that does not exceed the statutory maximum sentence applicable to the crime, is not subject to appellate review pursuant to R.C. § 2953.08(D). Statev. Krupa, 7th Dist. No. 02 BA 25, 2003-Ohio-3554, ¶ 14-15;State v. McCladdie, 8th Dist. No. 81387, 2003-Ohio-1726; Statev. Carter, 10th Dist. No. 02AP-294, 2002-Ohio-6967.
 {¶ 22} The sentencing hearing transcript reflects that the prosecutor recommended maximum consecutive prison terms on the six counts that were part of the plea agreement, and agreed that the remaining 94 counts would be dismissed. (Tr., pp. 10-11.) Immediately after the prosecutor made this recommendation, Appellant's attorney stated:
 {¶ 23} "MR. GATTRELL: Yes your Honor. The plea itself discussed in detail between myself and the Prosecutor, the sentence, based upon the likely sentence, that was discussed with Mr. Yeager on two occasions. His plea is based upon it. So we understand what the sentence is going to be * * *." (Tr., p. 11.)
 {¶ 24} It appears from the record that the sentence was agreed upon by both Appellant and the prosecutor. Appellant does not allege any errors concerning the process of entering into the plea agreement or that the plea was made involuntarily. Therefore, Appellee is correct that under the facts of this case the sentencing issue raised in this assignment of error is not an appealable issue under R.C. § 2953.08(D).
 {¶ 25} Even if our review of Appellant's prison sentence was not barred from review under R.C. § 2953.08(D), it appears that the trial court satisfied the sentencing requirements established by R.C. § 2929.14(B). The trial court specifically found that, "anything short of maximum imprisonment on these cases would demean the seriousness of these offenses." (Tr., pp. 12-13.) R.C. § 2929.14(B) does not require that any reasons be given to support the required findings, but rather, merely requires the court to make one of the findings listed in the statute. Statev. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, at syllabus.
 {¶ 26} For the aforementioned reasons, Appellant's first and third assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. 2 {¶ 27} Appellant's second assignment of error states:
 {¶ 28} "There was no clear and convincing evidence that the sentence should run consecutively."
 {¶ 29} Appellant argues that the trial court was required to make certain findings and give specific reasons for imposing consecutive sentences. Appellant cites R.C. § 2929.19(B)(2)(c) in support. The version of the statute in effect at the time of Appellant's sentencing, H.B. 180, effective 1-1-1997, stated:
 {¶ 30} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 31} "* * *
 {¶ 32} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;"
 {¶ 33} A further requirement for imposing consecutive sentences, according to Appellant, is found in R.C. §2929.14(E)(4), which states (in the appropriate version of the statute found in H.B. 2, effective 1-1-1999):
 {¶ 34} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 35} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 36} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 37} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 38} The Ohio Supreme Court recently held that, "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at paragraph one of the syllabus. Comer sets forth the findings required by R.C. §2929.14(E)(4):
 {¶ 39} "First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." (Emphasis in original.) Id. at ¶ 13.
 {¶ 40} Appellant alleges that the trial court did not make any of the findings that are associated with the imposition of consecutive sentences.
 {¶ 41} Appellee, in response, argues once again that Appellant has waived this issue on appeal because he agreed to the sentence that the trial court imposed. For the reasons set forth in the analysis of assignments of error one and three, Appellee is correct and the sentencing issue raised in this assignment of error is not an appealable issue under R.C. §2953.08(D). For this reason, we find that Appellant's second assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR NO. 4 {¶ 42} Appellant's fourth assignment of error states:
 {¶ 43} "The trial court erred as a matter of law by designating the appellant a `sexual predator' pursuant to O.R.C. § 2950.09 without conducting the hearing required by O.R.C. §2950.09(B)(1)."
 {¶ 44} Appellant argues that the trial court was required to hold a separate hearing to determine whether or not he was a sexual predator as defined by R.C. Chapter 2950. The version of R.C. § 2950.09(B)(1) in effect at the time of Appellant's sentencing stated:
 {¶ 45} "(B)(1) Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is not a sexually violent offense, or if a person is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is a sexually violent offense and a sexually violent predator specification was not included in the indictment, count in the indictment, or information charging the sexually violent offense, the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior tosentencing and, if the sexually oriented offense is a felony, mayconduct it as part of the sentencing hearing required by section2929.19 of the Revised Code." (Emphasis added.)
 {¶ 46} Appellant's sexual crimes were all felonies, and therefore, the trial court did not need to schedule a separate hearing to determine whether Appellant was a sexual predator. Furthermore, the record is very clear that Appellant waived his right to challenge the court's decision to designate him as a sexual predator. The sentencing hearing transcript states:
 {¶ 47} "MR. BURNS: * * * The State also would move the court at this time to find that the defendant is a sexual predator pursuant to Revised Code 2950.09(B)(1). I have discussed this matter with counsel for the defendant and it is my understanding he desires to waive the presentation of evidence and stipulate to the court entering a finding at this time.
 {¶ 48} "* * *
 {¶ 49} "MR. GARTRELL: * * * but one thing I would like the court to keep in mind, even on the waiver of presentation of evidence on sexual predator, that Mr. Yeager bases his decision to enter a plea on numerous things, certainly the merits of the case and that would be the primary reason, but he is also very concerned about even at this late date, not causing any additional problem to his daughter, * * *." (Tr., pp. 10-11.)
 {¶ 50} It is generally accepted that an offender may waive his right to the sexual predator hearing described in R.C. §2950.09. State v. Jordan, 6th Dist. No. L-02-1270, 2003-Ohio-3428; State v. McCarthy, 7th Dist. No. 01 BA 33, 2002-Ohio-5185; State v. Carnail (Nov. 8, 2001), 8th Dist No. 78921.
 {¶ 51} It appears that the trial court was permitted to hold the sexual predator hearing as part of the sentencing hearing in this case, and the Appellant waived his right to any further hearing by stipulating to his designation as a sexual predator. For these reasons, we find that Appellant's fourth assignment of error is without merit.
 ASSIGNMENT OF ERROR NO. 5 {¶ 52} Appellant's fifth assignment of error states:
 {¶ 53} "The appellant was denied effective assistance of counsel guaranteed by the sixth amendment of the united states constitution, and ARTICLE I § 10 [sic] of the ohio constitution."
 {¶ 54} Appellant asserts that his counsel made a number of errors in this case that were so serious as to deprive him of hisSixth Amendment right to counsel. To prevail on a claim of ineffective assistance of trial counsel, Appellant needs to demonstrate that counsel's actions fell below an objective measure of reasonable professional conduct, and that the errors were so serious that there is a reasonable probability that the result of the trial would be different. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674.
 {¶ 55} Appellant argues that his counsel should have objected to the maximum sentences and to the imposition of consecutive sentences. Because Appellant agreed to receive maximum consecutive sentences on six counts as part of his plea bargain and in exchange, 94 charges were dropped, it would have been highly irrational for Appellant's counsel to object to the sentences. Appellant also contends that his counsel should have objected when the court proceeded with the sexual predatory evaluation at sentencing. As explained above, the trial court has the right to hold the hearing during sentencing pursuant to R.C. § 2950.09(B)(1), and furthermore, the record indicates that Appellant stipulated to his designation as a sexual predator. As there was no error in the actions taken by Appellant's counsel, there is no basis for the claim of ineffective assistance of counsel. Appellant's fifth assignment of error is without merit.
 ASSIGNMENT OF ERROR NO. 6 {¶ 56} Appellant's sixth and last assignment of error asserts:
 {¶ 57} "The trial court committed plain error when it failed to find that the offenses were allied in violation of the fifth,sixth and fourteenth amendment to the United States Constitution."
 {¶ 58} Appellant argues that the crime of pandering obscenity to a juvenile, R.C. § 2907.321(A)(5), is an allied offense of similar import to possession of criminal tools, R.C. §2923.24(A). Appellant contends that multiple allied offenses may be charged in an indictment, but that a defendant may only be convicted of one or the other of the allied offenses, citing R.C. § 2941.25(A).
 {¶ 59} R.C. § 2941.25(A) provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." This statute tests whether the elements of the crimes, "correspond to such a degree that the commission of one crime will result in the commission of the other." Statev. Rance (1999), 85 Ohio St.3d 632, 638, 710 N.E.2d 699. If so, the crimes are deemed as offenses of similar import and may not be separately punished. Id. In applying this statute, "the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract." (Emphasis in original.) Id. at paragraph one of the syllabus.
 {¶ 60} We must first note that Appellant could have raised the issue of possible allied offenses of similar import at a time when the trial court was in a position to correct the alleged problem. "Where a defendant pleads to multiple offenses of similar import, and the trial court accepts the plea, the court must conduct a hearing and make a determination, before entering judgment, as to whether the offenses were of similar or dissimilar import and whether or not there was a separate animus with regard to each crime committed." State v. Gregory (1993),90 Ohio App.3d 124, 129, 628 N.E.2d 86; see also, State v.Mangrum (1993), 86 Ohio App.3d 156, 158, 620 N.E.2d 196. However, if a defendant does not raise the issue of allied offenses at trial, the issue is waived for purposes of appeal unless plain error is shown. State v. Thrower (1989),62 Ohio App.3d 359, 376, 575 N.E.2d 863; see also, State v. Comen
(1990) 50 Ohio St.3d 206, 211, 553 N.E.2d 640; State v. Fields
(1994), 97 Ohio App.3d 337, 344, 646 N.E.2d 866.
 {¶ 61} Secondly, the two offenses that Appellant believes are allied offenses of similar import are, in fact, not allied offenses. R.C. § 2907.321(A)(5), which deals with pandering obscenity involving a minor, states:
 {¶ 62} "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
 {¶ 63} "* * *
 {¶ 64} "(5) Buy, procure, possess, or control any obscene material, that has a minor as one of its participants;"
 {¶ 65} R.C. § 2923.24(A), which deals with possession of criminal tools, states:
 {¶ 66} "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
 {¶ 67} In comparing possession of criminal tools with pandering obscenity, it can be seen that criminal tools may include a number of things, and this charge is not limited to obscene materials. One can also possess obscene materials involving children without having any criminal purpose in possessing them. In pandering obscenity involving a minor, the crime is the possession itself, whereas in the crime of possession of criminal tools, the possession must be linked with a criminal purpose in order to sustain a conviction. The two crimes do not correspond so closely that one crime necessarily results in the commission of the other crime, and for this reason we find that Appellant's argument is without merit.
 {¶ 68} In conclusion, we find that Appellant's sentence was the result of a plea bargain and is not appealable pursuant to R.C. § 2953.08(D). In addition, the trial court was statutorily permitted to hold a sexual predator hearing during the course of the sentencing hearing, and Appellant waived this issue by stipulating to his designation as a sexual predator. Furthermore, we find no basis in Appellant's claims of ineffective assistance of counsel. Finally, the crimes of pandering obscenity involving a minor and possession of criminal tools do not overlap to the point of becoming allied offenses of similar import. All of Appellant's assignments of error are without merit, and his six assignments of error are overruled. The judgment of the Carroll County Court of Common Pleas is affirmed in full.
Donofrio, J., concurs.
Vukovich, J., concurs.