OPINION
{¶ 1} Defendant-appellant Roosevelt Swinning [hereinafter appellant] appeals from his sentence and conviction in the Richland County Court of Common Pleas on one count of aggravated robbery, with gun specification, one count of disrupting public service, one count of felonious assault and one count of failing to comply with the signal of a police officer. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 4, 2003, a warrant was issued for appellant based upon a charge of aggravated robbery. The robbery allegedly took place on January 27, 2003. Appellant was located on March 4, 2003, and attempted to flee from officers. As a result of his conduct, appellant was charged with additional counts of felonious assault, failure to comply with the order of a police officer by fleeing or eluding a police officer, operating a motor vehicle while under suspension and failure to yield.
 {¶ 3} On March 8, 2003, appellant waived his right to a preliminary hearing and appellant was bound over to the grand jury on the felony charges. On April 9, 2003, the grand jury for Richland County, Ohio, indicted appellant on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with firearm specification; one count of disrupting public service, in violation of R.C. 2909.04(A); one count of felonious assault, in violation of R.C. 2903.11(A)(2); one count of robbery, in violation of R.C. 2911.02(A)(2), with firearm specification; and one count of failure to comply with the order or signal of a police officer by fleeing or eluding a police officer [hereinafter failure to comply], in violation of R.C.2921.33(1)(B)(3).
 {¶ 4} In addition, appellant faced misdemeanor charges in the Mansfield Municipal Court. On March 5, 2003, appellant executed a personal recognizance bond on the misdemeanor charges. However, appellant remained in custody pursuant to the felony charges. Ultimately, appellant plead guilty to an amended charge of no operator's license in the Mansfield Municipal Court. Appellant was sentenced to 30 days in jail and a fine. The Mansfield Municipal Court gave appellant credit for the 30 days in jail which appellant had served while awaiting trial on the felony charges.
 {¶ 5} On June 5, 2003, appellant filed a waiver of time limitation (speedy trial rights) so that appellant's counsel could withdraw and new counsel could be appointed. In that waiver, appellant expressly reserved any speedy trial issue that existed prior to June 6, 2003.
 {¶ 6} On June 11, 2003, appellant's trial counsel filed a motion to dismiss the felony charges, pursuant to R.C. 2945.71 et seq., based upon an alleged violation of appellant's speedy trial rights. In the motion to dismiss, appellant argued that when the triple time calculation as set forth in R.C. 2945.71(E) was considered, more than the allowable 270 days had elapsed.
 {¶ 7} A hearing was held on appellant's motion to dismiss on June 16, 2003. That same day, the trial court overruled appellant's motion to dismiss finding that appellant was being held on other charges.
 {¶ 8} On June 23, 2003, appellant appeared in court and, pursuant to a plea agreement, entered pleas of guilty to one count of aggravated robbery, with gun specification, one count of felonious assault, one count of failure to comply and one count of disrupting public service. In exchange, the State dismissed the robbery charge, with firearm specification.
 {¶ 9} A sentencing hearing was held on June 23, 2003. Appellant was sentenced to three years of imprisonment on the gun specification to the aggravated robbery count and five years of imprisonment on the failure to comply count. The trial court held that appellant would receive community control sanctions on the remaining counts upon his release from prison.
 {¶ 10} On August 7, 2003, appellant filed a pro se motion for leave to appeal. On September 15, 2003, this court granted appellant's motion for leave to file a delayed appeal. Accordingly, it is from appellant's conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 11} "I. The trial court erred in denying appellant's motion to dismiss under Ohio revised code section 2945.73 for the failure of the state to bring appellant to trial within the 270 days required by Ohio revised code section 2945.71(c)(2) and (e).
 {¶ 12} "II. The trial court erred in sentencing appellant to a three year term of actual incarceration for a gun specification consecutively with a sentence for failure to comply in violation of Ohio revised code section 2721.331(b)(3), and there was no gun specification in the indictment with respect to the failure to comply charge.
 {¶ 13} "III. The trial court erred in sentencing appellant to the maximum sentence authorized for failure to comply with the signal of a police officer in violation of Ohio revised code section 2921.331(B)(3), Without complying with Ohio revised code sections 2929.14(C) AND 2929.19(B)(2)(D).
 {¶ 14} "IV. The decision of the trial court should be reversed due to ineffective assistance of trial counsel."
 I IV {¶ 15} We will address appellant's first and fourth assignments of error together. In the first assignment of error, appellant contends that his speedy trial rights pursuant to R.C.2945.73 were violated. In the fourth assignment of error, appellant argues that if his guilty plea waived his statutory speedy trial rights, appellant was denied effective assistance of counsel.
 {¶ 16} Ohio's speedy trial statute provides that a defendant charged with a felony "[s]hall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). For purposes of computing time under the statute, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. . . ." R.C. 2945.71(E). If the State fails to comply with the mandates of R.C. 2945.71, the defendant must be discharged. R.C. 2945.73. Further, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the State. Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706.
 {¶ 17} However, a plea of guilty waives one's statutory right to a speedy trial. State v. Kelley (1991), 57 Ohio St.3d 127,566 N.E.2d 658, paragraph one of syllabus; Village of Montpelierv. Greeno (1986), 25 Ohio St.3d 170, 171-172, 495 N.E2d 581. Appellant's fourth assignment of error asserts that if his guilty plea acted as a waiver of his statutory right to a speedy trial, then his right to effective assistance of counsel was violated. Appellant asserts that his trial counsel provided ineffective assistance when counsel permitted appellant to plead "guilty" rather than "no contest." We disagree.
 {¶ 18} The standard for ineffective assistance of counsel is set out in State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. Appellant must establish the following:
 {¶ 19} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v.Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623;Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, followed.)
 {¶ 20} "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 21} Appellant entered a guilty plea as part of a plea bargain. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."United States V. Broce (1989), 488 U.S. 563, 109 S.Ct.757,102 L.Ed.2d 927. The guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. New York (1975), 423 U.S.61, 96 S.Ct. 241, 46 L.Ed.2d 195. Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. Statev. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658; State v.Barnett (1991), 73 Ohio App.3d 244, 249, 596 N.E.2d 1101.
 {¶ 22} A plea is made voluntarily and knowingly if the record indicated that the defendant was advised of the following: "(1) the nature of the charged offense and the maximum penalty involved; (2) the effect of entering a guilty plea; and (3) the fact that the defendant is waiving his right to a jury trial, his right to confront witnesses against him, his right to have compulsory process, and his right to require the state to prove his guilt beyond a reasonable doubt. See, also, Crim.R. 11(C)."State v. Haynes (March 3, 1995), Trumbull App. No. 93-T-4911, 1995 WL 237075.
In State v. Kelley, supra, the Ohio Supreme Court reaffirmed a conclusion previously reached by the Supreme Court of Ohio inMontpelier v. Greeno (1986), 25 Ohio St.3d 170, 495 N.E.2d 581
and in Partsch v. Haskins (1963), 175 Ohio St. 139,191 N.E.2d 922. This conclusion was that "a guilty plea waives a defendant's right to challenge a conviction on statutory speedy trial grounds." Id.
In applying the requirements of Kelley, one appellate district has expressly held that counsel's failure to move for a discharge on the basis of a speedy trial violation does not affect the validity of a guilty plea. State v. Johnson (Mar. 4, 1993), Cuyahoga App. No. 61904. Similarly, the Eighth Appellate District has held that a guilty plea was not rendered invalid simply because the defendant was not informed that by entering the plea, he waived his right to contest the denial of his motion to dismiss on appeal. State v. Railing (Oct. 20, 1994), Cuyahoga App. No. 67137, unreported. See also, State v. Haynes,
supra.
 {¶ 23} Essentially, by entering a guilty plea a defendant waives all errors, absent a showing that the defendant was coerced or induced into making the plea. Kelly, supra, at 130-131. Thus, a guilty plea waives claims of ineffective assistance of counsel based upon statutory speedy trial issues.State v. Barnett, supra.; State v. Farley, Knox App. No. 98-CA-25, 1999 WL 33148; State v. Johnson, Cuyahoga App. No. 61904, 1993 WL 58629 (upon entering guilty plea defendant waives his right to effective assistance of counsel in regards to speedy trial issues).
 {¶ 24} In this case, appellant raises no argument that his plea was coerced, induced or otherwise not knowing or voluntary. Rather, appellant claims only that his trial counsel was ineffective when he permitted appellant to plead guilty, in essence, failing to preserve appellant's potential right to discharge under R.C. 2945.73.[1] We find that appellant waived this claim when he entered a guilty plea.
 {¶ 25} Accordingly, appellant's first and fourth assignments of error are overruled.
 II III {¶ 26} In the second and third assignment of error, appellant challenges the sentence imposed by the trial court. Specifically, in the second assignment of error, appellant asserts that he was sentenced on the failure to comply charge with a gun specification although there was no gun specification on that charge. Appellant alleges that only the aggravated robbery count had a gun specification and appellant was convicted but not sentenced on the aggravated robbery count. In assignment of error III, appellant contends that the trial court erred when it sentenced appellant to the maximum sentence for failure to comply with the signal of a police officer without complying with R.C.2929.14(C) and R.C. 2929.19(B)(2)(d). We disagree.
 {¶ 27} First, we note that appellant is incorrect when he states that he was not sentenced on the underlying aggravated robbery charge. Appellant mischaracterizes the facts when he claims he was sentenced to a gun specification on the failure to comply charge. Appellant pled guilty to aggravated robbery, with a gun specification and failure to comply. The gun specification carries a mandatory three year prison term which must be served "consecutively and prior to any prison term imposed for the underlying felony . . . or any other prison term . . . imposed upon the offender." R.C. 2929.14(E)(1)(a). However, this statute does not require that the offender be sentenced to prison on the underlying felony. In this case, appellant was sentenced to community control sanctions for the underlying felony and ordered to serve the three year mandatory prison term on the gun specifications to that aggravated robbery conviction. Thus, appellant was not ordered to serve a prison sentence for a gun specification on the failure to comply conviction. Rather, he was sentenced to serve a prison term on the gun specification on the aggravated robbery conviction and a separate prison term for the failure to comply conviction. Therefore, we find that the trial court did not err in sentencing the appellant to prison for the gun specification.
 {¶ 28} In regard to assignment of error III, R.C. 2953.08(D) states the following, in pertinent part: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge. . . ." A jointly recommended sentence is "authorized by law" if it does not exceed the maximum sentence that the statute permits a trial court to impose. State v.Rogg, Highland App. No. 00CA07, 2001-Ohio-2366; State v.Engleman (Aug. 18, 2000), Hamilton App. No. C-990845; State v.Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643 
75644.
 {¶ 29} Upon review, we find that the trial court imposed the agreed upon sentence and that sentence did not exceed the maximum sentence. Further, in such cases, there is no need to make the0 findings required under R.C. 2929.14(B) and 2929.19(B)(2)(d). SeeState v. Amstutz, Stark App. No. 1999CA00104, 1999 WL1071966. We find no error. State v. Thomas, Montgomery App. No. 18943,2002-Ohio-1895; In accord, State v. Buechner, Muskingum App. No. CT2003-0033, 2003-Ohio-5926.
 {¶ 30} Accordingly, appellant's second and third assignments of error are overruled.
 {¶ 31} The judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] We note that even if this court would find that appellant did not waive his right to effective assistance of counsel, the record fails to reveal how it came to be that appellant pled guilty. Neither the plea negotiations nor discussions between appellant and his counsel are part of this record. Thus, the record fails to demonstrate coercion, inducement or even the advice given to appellant by counsel.