OPINION
{¶ 1} Defendant-appellant, Jeremy Leeper appeals his conviction and sentence in the Delaware County Court of Common Pleas on one count of theft in violation of R.C. 2913.02 (A)(1), a felony of the fourth degree and one count of forgery in violation of R.C. 2913.31 (A)(3), a felony of the fifth degree. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On April 19, 2002, the Delaware County Grand Jury returned an indictment against the appellant for one count of burglary in violation of R.C. 2911.12 (A)(3), a felony of second degree, one count of theft, in violation of 2913.02 (A)(1), a felony of the fourth degree, three counts of forgery in violation of R.C. 2913.31 (A)(3) felonies of the fifth degree and one count of receiving stolen property in violation of R.C.2913.51 (A), a felony of the fifth degree.
 {¶ 3} On April 24, 2003, appellant appeared to enter a guilty plea on this matter. After hearing appellant's allocution, the trial judge would not accept the guilty plea. The trial judge set the matter for trial on May 20, 2003.
 {¶ 4} On the day of trial, all parties appeared. The parties engaged in additional negotiations to resolve the matter. The parties reached a new plea agreement that was reduced to writing pursuant to Crim. R. 11 (F). Specifically, the State dismissed counts three, four, five and six of the indictment. Appellant entered guilty pleas on count two, theft, a felony of the fourth degree and to count seven, forgery, a felony of the fifth degree. The Crim. R. 11 (F) written plea agreement included a joint sentencing recommendation from the parties. The following exchange occurred between the court and the appellant:
 {¶ 5} "The Court: You will be sentenced on Count Two and Count Seven as follows: You will receive definite term of imprisonment of fifteen months on Count Two. You will receive a definite term of ten months on Count Seven. And of course you are ordered to make restitution in these cases.
 {¶ 6} "Further, these sentences will run consecutive to one another for a total of 25 months actual time incarceration subject to your credit for time served in jail, do you understand?
 {¶ 7} "The Defendant: Yes I do.
 {¶ 8} "The Court: Further the parties are going to stipulate consecutive sentences that are necessary to protect the public, that consecutive sentences are not disproportionate to the offenses, and that the defendant has a history of criminal conduct that demonstrates the consecutive sentences are necessary to protect the public.
 {¶ 9} "In order for this court to order consecutive sentences, that must be a finding; do you understand that?
 {¶ 10} "The Defendant: Yes, I do.
 {¶ 11} "The Court: And that's how this plea agreement was put together so that the total of 25 months could be achieved; do you understand that?
 {¶ 12} "The Defendant: Yes, I do."
 {¶ 13} (T., May 20, 2003 at 8-9). After covering some additional points relating to the Crim. R. 11 (F) agreement, the following exchange took place:
 {¶ 14} "The Court: Any questions then about Rule F, 11 (F), negotiations form?
 {¶ 15} "The Defendant: No.
 {¶ 16} "The Court: Do you understand it?
 {¶ 17} "The Defendant: I understand it fully.
 {¶ 18} (Id. at 10). The trial court went on to review the charges, the possible penalties, and his constitutional rights with the appellant. After the explanation of rights, appellant waived his rights. Appellant then entered his guilty pleas pursuant to the Crim. R. 11 (F) agreement. The trial court accepted the guilty pleas and found appellant guilty on the two counts pursuant to the Crim. R. 11 (F) agreement. (Id. at 10-22).
 {¶ 19} The trial court then proceeded immediately to sentencing. The trial court addressed the issue of restitution for an engagement ring appellant admitted stealing and certain out-of-pocket costs related to the forgery count which appellant had plead guilty. (Id. at 22-23).
 {¶ 20} Counsel for the State acknowledged that there had been no formal finding on the value of ring. The State also noted that the victim, Mr. Connelly, was present that morning and offered to present testimony. (Id. at 23).
 {¶ 21} At the suggestion of the court, counsel for the parties agreed to participate in a conference off the record on the issue of restitution. (Id. at 24).
 {¶ 22} At the conclusion of that conference the following exchange occurred:
 {¶ 23} "Mr. Gray: After some discussion with Mr. Connelly, I think the State would suggest to the court that the value of the ring, a one caret diamond engagement ring, a platinum band that had belonged to Mr. Connelly's mother and was valued by Mr. Connelly at $20,000. [B]ased on the conversation with Mr. Ellis, it's my understanding that the defense would not object to that value.
 {¶ 24} "The Court: Alright. It is my understanding then that the defense has no objection with restitution being set on the ring at a value of $20,000.
 {¶ 25} "Mr. Ellis: No objection, your Honor.
 {¶ 26} "The Court: Is that correct, Mr. Leeper?
 {¶ 27} "The Defendant: Yes, it is.
 {¶ 28} "The Court: Is there a restitution amount on this forgery? Somehow my notes got $644 and some cents.
 {¶ 29} "Mr. Gray: Mr. Fawcett indicates that is about $150 that was not — that he suffered in out — of — pocket loss on the forgery.
 {¶ 30} "The Court: Do you wish to inquire on that, Mr. Ellis?
 {¶ 31} "Mr. Ellis: No objection, Your Honor, no objection.
 {¶ 32} "The Court: Do you agree on that, Mr. Leeper, $150?
 {¶ 33} "The Defendant: Yes, I do."
 {¶ 34} (Id. at 24-26). The trial court then pronounced sentence on appellant in accordance with the written plea agreement and with the appellant's on-the-record acknowledgments. (Id. at 27-30). In addition to the restitution, appellant was sentenced to a consecutive term of 25 months in prison.
 {¶ 35} Appellant timely appealed and raises the following three assignments of error for our consideration:
 {¶ 36} "The trial court committed reversible error by ordering Mr. Leeper to pay restitution to the alleged victim for damages that were not supported by the record.
 {¶ 37} "Defense counsel was ineffective for failing to ensure that proper documentation reflecting the alleged victim's loss was placed on the record. additionally, defense counsel was ineffective for failing to object to the restitution order issued at the May 20, 2003 sentencing hearing in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 38} "The trial court erred when it failed to comply with R.C.2929.14(e) (4) in imposing consecutive sentences."
 I. {¶ 39} In the First Assignment of Error, appellant contends that the trial court erred in ordering restitution in an amount that was not established to a reasonable degree of certainty. We disagree.
 {¶ 40} A trial court is authorized to order restitution by an offender to a victim in an amount based upon the victim's economic loss. R.C.2929.18(A) (1). The trial court is to determine the amount of restitution at the sentencing hearing. Id. The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty. State v. Gears (1999), 135 Ohio App.3d 297, 733 N.E.2d 683. A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered. State v. Williams (1986), 34 Ohio App.3d 33,516 N.E.2d 1270.
 {¶ 41} In a direct appeal, a reviewing court may only consider what is contained in the trial court record. See, e.g., State v. Ishmail (1976),54 Ohio St.2d 402, 377 N.E.2d 500, syllabus. See, also, State v.Hartman, 93 Ohio St.3d 274, 299, 2001-Ohio-1580, 754 N.E.2d 1150
(explaining that if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal).
 {¶ 42} R.C. 2953.08 provides, in relevant part, as follows:
 {¶ 43} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge".
 {¶ 44} In the case at bar, appellant agreed to the amount of restitution. (T., May 20, 2003 at 25). The State had the victims in court prepared to present testimony concerning the amount of restitution. (Id. at 23). The discussions concerning the amount of restitution and the agreement are not part of the trial court record.
 {¶ 45} R.C. 2929.18(A) (1) expressly provides that a trial court shall hold a hearing on restitution if the victim, offender or survivordisputes the amount. Appellant did not request a hearing even though the victims were present and prepared to offer evidence concerning the amount of the ring and the out-of-pocket expenses.
 {¶ 46} We are unwilling to impose a requirement that a trial court conduct a hearing, or receive documentation on the amount of restitution when all the parties stipulate to the amount.
 {¶ 47} Appellant's First Assignment of Error is overruled.
 II. {¶ 48} In his Second Assignment of Error, appellant maintains that he received ineffective assistance of trial counsel. Appellant argues that trial counsel was ineffective in stipulating to the amount of restitution and further in not objecting to appellant receiving consecutive sentences. We disagree.
 {¶ 49} The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 50} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 51} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 {¶ 52} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 53} Appellant first argues that counsel was ineffective in failing to require documentation on the amount of restitution.
 {¶ 54} In a direct appeal, a reviewing court may only consider what is contained in the trial court record. See, e.g., State v. Ishmail (1976),54 Ohio St.2d 402, 377 N.E.2d 500, syllabus.
 {¶ 55} In State v. Cooperrider (1983), 4 Ohio St.3d 226, 448 N.E.2d 452, the court discussed the proper procedure where, on direct appeal, a defendant raises issues outside the record. Specifically, the court held:
 {¶ 56} "It may be in the present case appellant can allege sufficient facts to state a claim of ineffective assistance of counsel. However, it is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21. This court has previously stated that when the trial court record does not contain sufficient evidence regarding the issue of competency of counsel, an evidentiary hearing is required to determine the allegation. * * *" Cooperrider, supra, at 228,448 N.E.2d 452. (Citation omitted.)
 {¶ 57} In the case at bar, the discussions concerning restitution took place off the record. (T., May 20, 2003 at 24). The parties agreed to the amount of restitution. There is no evidence in the record from which this court can find that the amount is not reasonable. Because a determination of appellant's claim of ineffective assistance of counsel involves facts outside the record, appellant's argument concerning trial counsel's failure to request documentation on the amount of restitution must fail based on the authority of Cooperrider, supra.
 {¶ 58} Appellant next contends that trial counsel was ineffective in not objecting to the trial court's lack of findings necessary to support imposition of consecutive sentences.
 {¶ 59} For the reasons which follow in discussing appellant's third assignment of error we find counsel was not ineffective in failing to object to the imposition of consecutive sentences.
 {¶ 60} Appellant's second assignment of error is overruled.
 III. {¶ 61} In his third assignment of error, appellant argues that the trial court failed to comply with R.C. 2929.14 (E) (4) in imposing consecutive sentences. Specifically, appellant contends that the trial court failed to provide specific and operable facts to support its conclusion that consecutive sentences were warranted. We disagree.
 {¶ 62} After the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence was modified. Pursuant to present R.C. 2953.08(G) (2): "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion.
 {¶ 63} The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 64} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E) (4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 65} "(b) That the sentence is otherwise contrary to law."
 {¶ 66} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Ross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 67} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the presentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F) (1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 68} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14 (E) (4) and R.C. 2929.19 (B) (2) (c). R.C. 2929.14
(E) (4) states as follows: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 69} "(a) The offender committed one or more multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Sections 2929.16, 2929.17, 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 70} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 71} "(c) The offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crimes by the offender."
 {¶ 72} Revised Code 2929.19 (B) (2) (c) requires that a trial court state its reasons for imposing consecutive sentences.
 {¶ 73} In State v. Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, the Supreme Court held a trial court is required to make its statutorily enumerated findings and give reason supporting those findings at the sentencing hearing.
 {¶ 74} The import of the decision in Comer, supra, is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision on the statutorily enumerated criteria.
 {¶ 75} However, R.C. 2953.08 provides, in relevant part, as follows:
 {¶ 76} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge".
 {¶ 77} In the case at bar, appellant did not receive the maximum sentence for either offense. Each sentence was within the permissible range for the degree of felony. The specific prison terms, including the fact that the sentences will be served consecutively, were spelled out in the Crim.R. 11(F) written plea agreement. Further appellant acknowledged on the record that he would receive a definite term of fifteen (15) months and a definite term of ten (10) months. (T. May 20, 2003 at 8). The appellant further acknowledged that the sentences would run consecutively for an aggregate sentence of twenty-five (25) months. (Id). The appellant further stipulated that "consecutive sentences are necessary to protect the public, that consecutive sentences are not disproportionate to the offense, and that defendant has a history of criminal conduct that demonstrates that consecutive sentences are necessary to protect the public." (Id. at 8-9). The trial court then inquired of appellant "[i]n order for this Court to order consecutive sentences, that must be a finding; do you understand that?" The ppellant responded that he understood. (Id.). The State dismissed four (4) counts of the indictment in exchange for the appellant's agreement to plead to the two (2) counts on which he was sentenced. (Id. at 8).
 {¶ 78} The record indicates that appellant freely and knowingly entered into the plea agreement and jointly recommended sentence. Thus, when the trial court imposes a jointly recommend sentence which is authorized by law, it is not required to state its findings as required by Comer because the sentence is not subject to appellate review. Statev. Porterfield, 11th Dist. No. 2002-T-0045, 2004-Ohio-520 at ¶ 73; Statev. Yeager, 7th Dist. No. 03CA786, 2004-Ohio-3640 at ¶ 24; State v.McDowell,11th Dist. No. 2001-P-0149, 2003-Ohio-5352 at ¶ 43.
 {¶ 79} The present case is distinguishable from State v. Leeper, 5th
Dist. No. 03CA35, 2004-Ohio-5362. ["Leeper I]. In Leeper I appellant did not stipulate to the imposition of consecutive sentences, and had argued on appeal that he believed the sentence in that case would run concurrent with the sentence in the case at bar.
 {¶ 80} Appellant's third assignment of error is overruled.
 {¶ 81} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Gwin, J., Boggins, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed. Costs to appellant.