DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.
 {¶ 2} On December 18, 2002, appellant, Jonathan T. Bryant, was indicted on (1) one count of possession of cocaine, a violation of R.C.2925.11(A) and (C)(4)(d), possession of cocaine in an amount exceeding 100 grams, but not in excess of 500 grams, a felony of the second degree; and (2) one count of possession of crack cocaine in an amount that exceeds 100 grams, a violation of R.C. 2925.11(A) and (C)(4)(f), a felony of the first degree. This count contained a specification that appellant was a major drug offender pursuant to R.C. 2941.1410.
 {¶ 3} Appellant initially entered a not guilty plea to these charges. However, he later withdrew his not guilty plea and pled guilty, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to the second count in the indictment. In the written plea, appellant explicitly agreed "to serve an eight (8) year sentence as part of the plea agreement." The first count of the indictment and the specification to the second count were nolled. The trial judge sentenced appellant to serve the agreed upon eight years in prison. Appellant appeals his conviction and sentence and contends that the following errors occurred in the proceedings below:
 {¶ 4} "I. The trial court improperly accepted appellant's guilty plea pursuant to Alford v. North Carolina.
 {¶ 5} "II. The trial court illegally sentenced appellant and/or failed to make the necessary determinations required by law, therefore making the sentence contrary to law.
 {¶ 6} "III. The appellant was denied effective assistance of counsel when his trial attorney failed to engage in discovery and motion practice that would have assisted appellant in demonstrating his innocence.
 {¶ 7} "IV. Appellant's sentencing pursuant to Ohio Revised Code Section 2929.14 and the judge's findings during sentencing, deprived appellant his rights to fundamental fairness with respect to prosecution and sentencing."
 {¶ 8} Appellant's first assignment of error asserts that the trial court failed to engage in a meaningful dialogue with appellant "regarding his understanding of the [Alford] plea and his justification for entering into it."
 {¶ 9} Pursuant to Alford, a criminal defendant may maintain that he is innocent but still "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence." Id. at 3. The objective in entering an Alford plea "is to avoid the risk of a longer sentence by agreeing to plead guilty to a lesser offense or for fear of the consequences of a jury trial, or both." State v. Bailey, 1st Dist. No. C-030916, 2004-Ohio-6427, at ¶ 7. Before accepting an Alford guilty plea, a court must: "1) question the defendant as to his reasons for deciding to plead guilty; and 2) inquire into the state's evidence in order to determine that the likelihood of a conviction on offenses of equal or greater magnitude than the offenses to which the defendant entered a plea is great enough to warrant such a decision." State v.Nicely (June 30, 2000), 6th Dist. No. F-99-014, citing State v. Padgett
(1990), 67 Ohio App.3d 332, 338.
 {¶ 10} As applied to the present case, the trial court first explained the nature of an Alford guilty plea stating, in part:
 {¶ 11} "* * * you could feel you were innocent, but in consultation with your attorney you are evidently aware of the evidence the state has. That evidence could be of such a quality that if you went to trial on a greater offense you could be found guilty of the greater offense, and therefore subject to a greater amount of punishment, and you don't want to take the risk of going to trial. You can then enter [an Alford
guilty plea] where you are not making any admissions, but you will agree that I can receive into evidence and treat as evidence a statement of facts that the State will make as to what they contend they will be able to prove beyond a reasonable doubt had this case proceeded to trial * * *. And based on that I will accept your plea of guilty * * *."
 {¶ 12} The court then asked, "You understand the nature of the plea?" Appellant responded by saying "Yes, sir." The court then inquired as to whether anyone had promised appellant anything or threatened him in any way in order to get appellant to enter the Alford guilty plea. Appellant replied, "No, sir." The court continued by inquiring whether appellant's attorney had fully discussed the plea with his client and whether appellant was satisfied with the advice and counsel provided by his attorney. Appellant answered these queries in the affirmative. After the trial court engaged in the colloquy mandated by Crim.R. 11 with appellant, the prosecutor proffered the state's evidence on the charged offenses. Based on the foregoing, we find that the trial court did conduct a meaningful dialogue with appellant concerning his Alford guilty plea and the reasons as to why appellant entered such a plea. Therefore, appellant's first assignment of error is found not well-taken.
 {¶ 13} In his second assignment of error, appellant first argues that the trial court failed to make all of the necessary findings required by R.C. 2929.14(B) in sentencing him to eight years in prison.
 {¶ 14} R.C. 2953.08(D) provides that a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been jointly recommended by the defendant and the prosecution in the case, and is imposed by the sentencing judge." Thus, in a case, such as the one before us, where, as part of a negotiated plea, a defendant agrees to a sentence that does not exceed the statutory maximum[1] applicable to the offense, that sentence is not subject to appellate review. See State v. Yeager, 7th Dist. No. 03-CA-786, 2004-Ohio-3640, at ¶ 21 (Citations omitted.). See, also, State v.Leeper, 5th Dist. No. 2004CAA07054, 2005-Ohio-1957, at ¶ 78; State v.Tillman, 6th Dist. No. H-02-004, 2004-Ohio-1967, at ¶ 26.
 {¶ 15} Second, appellant maintains that the trial court erred by failing to advise him of his rights pursuant to Crim.R. 32(B)(3). Crim.R. 32(B) (2) requires a trial court to, after imposing sentence, advise a defendant of his or her right, "where applicable, to appeal or to seek leave to appeal the sentence imposed." Crim.R. 32(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 32(B)(3) reads:
 {¶ 16} "If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court shall also advise the defendant of all of the following:
 {¶ 17} "(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;
 {¶ 18} "(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;
 {¶ 19} "(c) That if the defendant is unable to pay the costs of documents necessary for an appeal, the documents will be provided without cost;
 {¶ 20} "(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf."
 {¶ 21} In a circumstances where an appeal is precluded by law, such as a guilty plea and an agreed upon sentence, the sentencing court is not required to advise a defendant of the matters set forth in Crim.R. 32(B)(3). State v. Middleton, 12th Dist. No. CA2004-01-003, 2005-Ohio-681, at ¶ 25, fn. 1, citing State v. White (Oct. 6, 2003), 9th Dist. No. 21741. Therefore, the trial court's failure to advise appellant of said information is not reversible error. For the foregoing reasons, appellant's second assignment of error is found not well-taken.
 {¶ 22} Appellant claims, in his third assignment of error, that his trial counsel was ineffective because he failed to engage in discovery and motion practice that would have aided appellant in establishing that he was innocent.
 {¶ 23} We start with the proposition that an Alford plea is simply a species of a guilty plea, which, in effect, waives a defendant's right to raise most issues on appeal. State v. Benman, 10th Dist. No. 03AP-1012, 2004-Ohio-3935, at ¶ 12 (Citations omitted.). In particular, a guilty plea waives "any claimed flaw in the discovery procedure." State v.Farley (May 5, 1999), 5th Dist. No. 98-CA-25. See, also State v. Issacs,
6th Dist. No. WD-04-018, 2005-Ohio 2682, at ¶ 18. It follows that an appellant who enters a guilty plea cannot raise ineffective assistance of counsel for any alleged failure in conducting discovery. See Farley,
supra. See, also, State v. Swinning, 2004-Ohio-5005, 5th Dist. No. 03-CA-74, at ¶ 23 (A guilty plea waives claims of ineffective assistance of counsel for failure to raise a defendant's right to a speedy trial.) Consequently, appellant's third assignment of error is found not well-taken.
 {¶ 24} In his fourth and final assignment of error, appellant claims that, pursuant to Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531,159 L. Ed.2d 403, his due process rights were violated because of the state of Ohio's determinate sentencing scheme. To repeat, the eight year sentence imposed by the trial court was an agreed upon sentence and any matters concerning that sentence are not subject to review under R.C.2953.08(D). In addition, this court previously held that the United States Supreme Court's decision in Blakely is inapplicable to Ohio's sentencing scheme. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18. Therefore, appellant's fourth assignment of error is found not well-taken.
 {¶ 25} On consideration whereof, this court finds that appellant was neither prejudiced nor prevented from having a fair hearing, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs, pursuant to App.R. 24, of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J., Skow, J. Concur.
[1] The eight year sentence imposed in this case does not exceed the statutory maximum for a first degree felony. See R.C. 2929.14(A)(1).