OPINION
{¶ 1} Appellant appeals his sentence and conviction on two counts of aiding and abetting the illegal conveyance of drugs onto the grounds of a prison detention facility.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} The undisputed facts are as follows:
{¶ 4} Appellant John Turner, Jr., an inmate at the Richland Correctional Institution in Mansfield, Ohio, along with two other inmates, Davis and Treadwell, devised a scheme to have drugs shipped into the prison via packages of clothing and/or food sent to various inmates. One of these inmates arranged for his wife, Jennifer Treadwell, to obtain marijuana and deliver it to the daughter of another inmate, Lisa Davis, who along with yet another inmate's daughter, Jaceta Mahone, would sew packets of marijuana into the hems of bathrobes and then ship them to the prison. The inmates who agreed to accept the packages shipped under their names were to receive a portion of the marijuana as compensation.
{¶ 5} On January 9, 2002, 4.5 grams of marijuana were intercepted by prison officials.
{¶ 6} On February 7, 2002, a subsequent prison investigation determined that Lisa Palmer shipped a package to an inmate containing eleven balloons of marijuana sewn into the hem of a bathrobe.
{¶ 7} On February 19, 2002, another package was intercepted coming into the institution containing fourteen balloons of marijuana, totaling 1.2 ounces, sewn into a bathrobe in package sent by Jaceta Mahone.
{¶ 8} On July 11, 2002, the Richland County Grand Jury indicted Appellant on three counts of aiding and abetting illegal conveyance of drugs onto the grounds of a prison detention facility, in violation of R.C. § 2921.36, felonies of the third degree.
{¶ 9} Over the course of the next eleven months, a series of motions and requests for continuances caused a delay in the trial.
{¶ 10} On June 10, 2003, a jury trial commenced in this matter. About midway through the trial, Appellant entered pleas of guilty to two counts of aiding and abetting illegal conveyance of drugs onto the grounds of a prison detention facility
{¶ 11} Appellant was sentenced to one year one each count, to be served consecutive to each other and consecutive to his current sentence.
 {¶ 12} Appellant now prosecutes the instant appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 13} "I. The defendant-appellant's plea was not voluntarily and knowingly given where he was not advised as to the appellate rights he would be waiving, when he entered into the same plea.
{¶ 14} "II. The defendant-appellant was denied a fair trial and the effective assistance of counsel when the defendant-appellant pled guilty instead of no contest or instead of completing his trial, where neither the trial court not trial counsel advised defendant-appellant of the appellate rights he would be waiving, and where the defendant-appellant unknowingly and involuntarily waived appellate rights that he did not intend to waive.
{¶ 15} "III. The trial court erred where it sentenced the defendant-appelant [sic] to two consecutive years in prison, without making specific findings other than the fact that defendant's criminal history requires consecutive sentences, and this was a negotiated sentence."
 I.
{¶ 16} In his first assignment of error, Appellant argues that his pleas were not knowingly and voluntarily made because he was not informed that he was giving up certain appellate rights. We disagree.
{¶ 17} Specifically, Appellant argues that he was not advised by the trial court or trial counsel that he was waiving his right to assign the following as error: a violation of his right to a speedy trial, double jeopardy, defects in the indictment, defects in voir dire and denial of his motion for a new trial.
{¶ 18} Guilty pleas are controlled by Criminal Rule 11, which states in relevant part:
{¶ 19} "(C) Pleas of guilty and no contest in felony cases
{¶ 20} "(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
{¶ 21} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
{¶ 22} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
{¶ 23} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
{¶ 24} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
{¶ 25} "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States V. Broce (1989),488 U.S. 563, 109 S.Ct.757, 102 L.Ed.2d 927. The guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. New York (1975), 423 U.S.61, 96 S.Ct. 241, 46 L.Ed.2d 195. Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Kelley (1991),57 Ohio St.3d 127, 566 N.E.2d 658; State v. Barnett (1991),73 Ohio App.3d 244, 249, 596 N.E.2d 1101.
{¶ 26} A plea is made voluntarily and knowingly if the record indicates that the defendant was advised of the following: "(1) the nature of the charged offense and the maximum penalty involved; (2) the effect of entering a guilty plea; and (3) the fact that the defendant is waiving his right to a jury trial, his right to confront witnesses against him, his right to have compulsory process, and his right to require the state to prove his guilt beyond a reasonable doubt. See, also, Crim.R. 11(C)." State v. Haynes (March 3, 1995), Trumbull App. No. 93-T-4911, 1995 WL 237075.
{¶ 27} In State v. Kelley, supra, the Ohio Supreme Court reaffirmed a conclusion previously reached by the Supreme Court of Ohio in Montpelierv. Greeno (1986), 25 Ohio St.3d 170, 495 N.E.2d 581 and in Partsch v.Haskins (1963), 175 Ohio St. 139, 191 N.E.2d 922. This conclusion was that "a guilty plea waives a defendant's right to challenge a conviction on statutory speedy trial grounds." Id.
{¶ 28} The Eighth Appellate District has held that a guilty plea was not rendered invalid simply because the defendant was not informed that by entering the plea, he waived his right to contest the denial of his motion to dismiss on appeal. State v. Railing (Oct. 20, 1994), Cuyahoga App. No. 67137, unreported. See also, State v. Haynes, supra.
{¶ 29} Essentially, by entering a guilty plea a defendant waives all errors, absent a showing that the defendant was coerced or induced into making the plea. Kelly, supra, at 130-131.
{¶ 30} Appellee, in its brief, incorrectly states that there is no record before this Court of the change of plea hearing. We have reviewed the record in this matter and conclude appellant voluntarily and knowingly entered his guilty plea.
{¶ 31} As stated above, in accepting a guilty plea, a trial court must substantially comply with Crim.R. 11. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. Substantial compliance with Crim.R. 11(C) is determined upon a review of the totality of the circumstances. State v. Carter (1979), 60 Oho St.2d 34, 38. The record in the case sub judice establishes that appellant executed a change of plea form in which he acknowledged that his plea was entered into knowingly, intelligently and voluntarily.
{¶ 32} Further, the transcript of the change of plea hearing indicates that appellant was satisfied with defense counsel's representation of him. (Sent. T. at 3.) Appellant responded appropriately to the trial court's explanation of his rights and his willingness to waive his rights by entering a guilty plea. Appellant was given a written summary of his rights, which he reviewed with trial counsel and signed. (Sent. T. at 7). Upon inquiry from the trial court, Appellant stated he had no questions concerning same. (Sent. T. at 8). Appellant understood the possible consequences of continuing with the trial.
{¶ 33} As noted above, we find that the trial court complied with Crim.R. 11. As also noted, appellant signed a written plea agreement in which he admitted the free and voluntary nature of his plea
{¶ 34} Appellant's first assignment of error is overruled.
 II.
{¶ 35} In his second assignment of error, appellant argues that he was denied the effective assistance of counsel. We disagree.
{¶ 36} A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
{¶ 37} In determining whether counsel's performance fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance.
{¶ 38} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965, citing Lockhart v. Fretwell (1993), 506 U.S. 364, 370, 113 S.Ct. 838,122 L.Ed.2d 180.
{¶ 39} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, 538 N.E.2d 373, quoting Strickland, supra.
{¶ 40} The record fails to reveal how it came to be that appellant changed his plea to guilty. Neither the plea negotiations nor discussions between appellant and his counsel are part of this record. Thus, the record fails to demonstrate coercion, inducement or even the advice given to appellant by counsel.
{¶ 41} Having previously concluded that appellant voluntarily and knowingly entered his guilty plea, we find that defense counsel was not ineffective for permitting him to do so.
{¶ 42} We find nothing in the record to indicate appellant did not receive effective assistance of counsel. Further, by signing the Change of Plea form, appellant acknowledged he was satisfied with the advice of trial counsel and his legal representation in this matter. Appellant cannot establish trial counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to appellant.
{¶ 43} Appellant's second assignment of error is overruled.
 III.
{¶ 44} In his third assignment of error, appellant argues that the trial court erred in sentencing him to two consecutive years in prison. We disagree.
{¶ 45} Pursuant to R.C. § 2929.14(E)(4) and § 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.
{¶ 46} R.C. § 2929.14(E)(4) provides:
{¶ 47} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
{¶ 48} "(a) * * *
{¶ 49} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 50} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 51} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Ohio Supreme Court held a trial court is required to make its statutorily enumerated findings and give reason supporting those findings at the sentencing hearing.
{¶ 52} The import of the decision in Comer, supra, is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision on the statutorily enumerated criteria.
{¶ 53} However, R.C. § 2953.08 provides, in relevant part, as follows:
{¶ 54} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
{¶ 55} In the case at bar, appellant did not receive the maximum sentence for either offense. The maximum sentence for was count was ten years and he only received one year on each count. Each sentence was within the permissible range for the degree of felony. The specific prison term of one year on each count, including the fact that the sentences were to be served consecutively, were explained and acknowledged by Appellant on the record. (Sent. T. at 6). The appellant further acknowledged that the sentences would run consecutively to his current sentence. Id.
{¶ 56} The record indicates that appellant freely and knowingly entered into the plea agreement and jointly recommended sentence. Thus, when the trial court imposes a jointly recommend sentence which is authorized by law, it is not required to state its findings as required by Comer because the sentence is not subject to appellate review. Statev. Leeper, 5th Dist No. 03CA 35, 2004-Ohio-5362; State v. Porterfield,
11th Dist. No. 2002-T-0045, 2004-Ohio-520 at ¶ 73; State v. Yeager, 7th
Dist. No. 03CA786, 2004-Ohio-3640 at ¶ 24; State v. McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352 at ¶ 43;
{¶ 57} Appellant's third assignment of error is overruled
{¶ 58} The judgment of the Richland County Court of Common Pleas is affirmed.
Boggins, P.J. Gwin, J. and Hoffman, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas, Richland County, Ohio, is affirmed. Costs assessed to Appellant.