OPINION
{¶ 1} Appellant appeals the denial of his motion to withdraw his plea of guilty to one count of attempted murder with a firearm specification.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Appellant was indicted by the Richland County Grand Jury on one count of attempted murder with a firearm specification and one count of felonious assault with a firearm specification.
{¶ 4} The charges arise out of an incident which occurred on October 10, 2000, when Appellant and his sister met Nathaniel Rhodes, Jr. at the Subway Inn bar in Mansfield, Ohio. Mr. Rhodes drove Appellant and his sister back to Appellant's residence where they drank a few beers. Appellant, while showing Rhodes around the house, took him down to the basement to show him the furnace. When Rhodes turned to go back upstairs, he felt something hit him in the back and the back of the head. Rhodes then fled the house and flagged down a passing motorist who took him to the emergency room where it was discovered that he had been shot in the head and in the back. Rhodes gave the police the location and description of Appellant and told them that the name of the man who shot him was Todd. Upon arriving at Appellant's residence, the police heard glass breaking in a burned out house next door and upon searching same, they located Appellant hiding there along with a .22 caliber handgun. Appellant was taken into custody and charged with attempted murder.
{¶ 5} On December 14, 2000, Appellant entered a plea of guilty to one count of attempted murder and the firearm specification in exchange for a sentencing recommendation of an eight (8) year prison sentence, with judicial release and five (5) years probation after seven (7) years. (T. at 4-5).
{¶ 6} The trial court followed the recommendations in the plea agreement and Appellant was sentenced to five years on the count of attempted murder, to be served consecutive to three years on the firearm specification.
{¶ 7} On September 24, 2004, Appellant filed a motion to withdraw his guilty plea alleging that the lack of medical care in the prison rendered his plea involuntary and constituted manifest injustice. Appellant also claimed that his sentence violated Blakely v. Washington (2004),124 S. Ct. 2531.
{¶ 8} On October 22, 2004, the trial court overruled Appellant's motion to withdraw his guilty plea.
{¶ 9} Appellant now prosecutes the instant appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 10} "I. The trial court abused its discretion in denying appellant's motion to withdraw his guilty plea when the guilty plea violated criminal rule 11 and the sixth amendment jury trial guarantee as set forth by the united states supreme court in Blakely v. Washington
(2004), 124 S.Ct. 2531.
{¶ 11} "II. The trial court's failure to conduct an evidentiary hearing to determine the manifest injustice issue presented in appellant's motion to withdraw guilty plea is a clear abuse of discretion, and a violation of procedural due process as guaranteed by the fourteenth amendment to the United States Constitution"
 I.
{¶ 12} In his first assignment of error, Appellant argues that his plea was not voluntary because the trial court improperly informed him of the maximum sentence which could be imposed. We disagree.
{¶ 13} Appellant also argues that the sentence was in violation of hisSixth Amendment rights pursuant to Blakely v. Washington (2004),124 S. Ct. 2531.
{¶ 14} Guilty pleas are controlled by Criminal Rule 11, which states in relevant part:
{¶ 15} "(C) Pleas of guilty and no contest in felony cases
{¶ 16} "(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
{¶ 17} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
{¶ 18} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
{¶ 19} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
{¶ 20} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
{¶ 21} "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce (1989),488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927. The guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. New York (1975),423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195. Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Kelley (1991),57 Ohio St.3d 127, 566 N.E.2d 658; State v. Barnett (1991),73 Ohio App.3d 244, 249, 596 N.E.2d 1101.
{¶ 22} A plea is made voluntarily and knowingly if the record indicates that the defendant was advised of the following: "(1) the nature of the charged offense and the maximum penalty involved; (2) the effect of entering a guilty plea; and (3) the fact that the defendant is waiving his right to a jury trial, his right to confront witnesses against him, his right to have compulsory process, and his right to require the state to prove his guilt beyond a reasonable doubt. See, also, Crim.R. 11(C)." State v. Haynes (March 3, 1995), Trumbull App. No. 93-T-4911, 1995 WL 237075.
{¶ 23} We have reviewed the record in this matter and conclude appellant voluntarily and knowingly entered his guilty plea.
{¶ 24} As stated above, in accepting a guilty plea, a trial court must substantially comply with Crim.R. 11. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. Substantial compliance with Crim.R. 11(C) is determined upon a review of the totality of the circumstances. State v. Carter (1979), 60 Oho St.2d 34, 38.
{¶ 25} The transcript reveals that the trial court informed Appellant that he was charged with attempted murder, a first degree felony, which carried a maximum penalty of ten (10) years and a fine of $20,000.00. (Sent. T. at 12-13). The trial court further informed Appellant that he was also charged with a firearm specification which carried a mandatory three year sentence which would run consecutive to the sentence on the attempted murder charge. (Sent. T. at 6-7). Appellant was informed that the aggregate maximum penalty could be thirteen years and a $20,000.00 fine. (T. at 6, 12, 14). Additionally, the trial court explained the condition of the plea agreement on the record. (T. at 7, 12-13). { ¶ 26} The trial court informed Appellant of his to a jury trial, his right to confront witnesses, his right to cross-examine witnesses, his right to call witnesses on his own behalf and his right to testify as well as his right not to testify. (Sent. T. at 8-9)
{¶ 27} Further, the transcript of the change of plea hearing indicates that appellant was satisfied with defense counsel's representation of him. (Sent. T. at 13.) Appellant responded appropriately to the trial court's explanation of his rights and his willingness to waive his rights by entering a guilty plea. Appellant was given a written summary of his rights, which he reviewed with trial counsel and signed. (Sent. T. at 14-15). Appellant stated that he could read and write and had a GED. (Sent. T. at 11). Appellant stated that he understood his constitutional right. (Sent. T. at 11-12).
{¶ 28} The record in the case sub judice establishes that appellant executed a change of plea form in which he acknowledged that his plea was entered into knowingly, intelligently and voluntarily.
{¶ 29} Furthermore, Appellant's guilty plea was based on a plea agreement. R.C. § 2953.08 provides, in relevant part, as follows:
{¶ 30} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
{¶ 31} In the case at bar, appellant did not receive the maximum sentence for the attempted murder offense. The maximum sentence for that count, a first degree felony, was ten years and he only received five years. This sentence was within the permissible range for the degree of felony. The specific prison term of five years on the attempted murder count, and three years on the firearm specification and the fact that the sentences were to be served consecutively, were explained and acknowledged by Appellant on the record. (Sent. T. at 6).
{¶ 32} The record indicates that appellant freely and knowingly entered into the plea agreement and jointly recommended sentence. Thus, when the trial court imposes a jointly recommend sentence which is authorized by law, it is not required to state its findings as required by Comer because the sentence is not subject to appellate review. Statev. Leeper, 5th Dist No. 03CA 35, 2004-Ohio-5362; State v. Porterfield,
11th Dist. No. 2002-T-0045, 2004-Ohio-520 at ¶ 73; State v. Yeager, 7th
Dist. No. 03CA786, 2004-Ohio-3640 at ¶ 24; State v. McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352 at ¶ 43;
{¶ 33} This Court reviewed Blakely, supra, in a prior decision and found it "do[es] not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." Statev. Iddings (November 8, 2004), Delaware App. No. 2004CAA06043. This Court concluded that Blakely was not implicated when the maximum sentence provided by Ohio sentencing law was imposed. State v. Rorie, Stark App. No. 2002CA00187, 2005-Ohio-1726. State v. Small, Delaware App. No.2005-Ohio-169, State v. Stillman, Delaware App. No. 04CAA07052,2004-Ohio-6974, State v. Hughett, Delaware App. No. 04CAA060051,2004-Ohio-6207 (but see dissent by J. Hoffman).
{¶ 34} Appellant's first assignment of error is overruled.
 II.
{¶ 35} In his second assignment of error, appellant argues that the trial court erred in failing to hold an evidentiary hearing on his motion to withdraw his guilty plea. We disagree.
{¶ 36} Crim.R. 32.1 governs the withdrawal of a guilty plea. It provides:
{¶ 37} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1 itself does not provide guidelines for a trial court to use in ruling on a pre-sentence motion to withdraw a plea. While motions to withdraw guilty pleas made before sentencing should be freely and liberally granted, the decision of whether to grant those motions are still within the sound discretion of the trial court. State v. Xie (1991), 62 Ohio St.3d 521, 526. Thus, this Court will not reverse the decision of the trial court absent an abuse of discretion. Id. at 527. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
{¶ 38} Upon filing his motion to withdraw his plea, appellant bore the burden to supply a reasonable and legitimate basis for withdrawing the plea.
{¶ 39} Although a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant. Whiteman at ¶ 19, citing State v. Xie (1992),62 Ohio St.3d 521, paragraph one of the syllabus. In those situations where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. Id., citing Xie.
{¶ 40} A trial court is vested with sound discretion to grant or deny a postsentence motion for withdrawal of a plea. State v. Pearson, 11th Dist. Nos. 2002-G-2413 and 2002-G-2414, 2003-Ohio-6962, at ¶ 7. In reaching its decision, a trial court has the discretion to determine the "good faith, credibility and weight of the movant's assertions * * *."Smith at paragraph two of the syllabus. See, also, State v. Caraballo
(1985), 17 Ohio St.3d 66, 67. Importantly, "`an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."' State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3393, at ¶ 14, quoting Smith at paragraph three of the syllabus.
{¶ 41} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Patterson, Stark App. No. 2003CA00135, 2004-Ohio-1569 (citing State v. Blatnik (1984), 17 Ohio App.3d 201,204, 478 N.E.2d 1016). However, generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. Patterson,
supra (citing State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564).
{¶ 42} Turning to the instant matter, appellant argues that the trial court erred by denying his motion to withdraw his plea without a hearing. According to appellant, there exists a manifest injustice necessitating withdrawal of his plea because he has suffered cruel and unusual punishment during his incarceration due to lack of medical care in the prison.
{¶ 43} Upon review, we find that the trial court did not abuse its discretion when it denied Appellant's Motion nor in failing to hold a hearing on appellant's motion to withdraw his guilty plea. Whether or not Appellant is receiving adequate medical care in the prison does not affect the voluntariness of Appellant's guilty plea and does not constitute manifest injustice as contemplated by Crim.R. 32.1.
{¶ 44} Appellant's second assignment of error is overruled.
{¶ 45} The judgment of the Richland County Court of Common Pleas is affirmed.
Boggins, P.J., Gwin, J., concur
Hoffman, J. concurs separately