OPINION
{¶ 1} Defendant-Appellant Thomas Wingert appeals his conviction and sentence in the Stark County Court of Common Pleas Court for one count of Theft in Office a felony of the third degree in violation of R.C. 2921.41(A) (1) and one count of Having an Unlawful Interest in a Public Contract a felony of the fifth degree in violation of R.C. 2921.42(A) (1). The following facts give rise to this appeal.
 {¶ 2} In 2005, the Stark County Grand Jury returned an indictment against appellant Thomas Edward Wingert, charging him with one count each of theft in office and having an unlawful interest in a public contract. Appellant was employed as an HIV/AIDS Intervention Coordinator with the Canton City Health Department, responsible for securing and managing grants for that purpose. Instead of directing grant money to proper recipients, appellant diverted more than $50,000 into his personal bank account. He initially pleaded not guilty to these charges, and the case proceeded to trial by jury in the Stark County Court of Common Pleas.
 {¶ 3} Before the start of trial, appellant's defense counsel noted for the record that he had advised appellant of his right to plead guilty and the consequences of that plea, but that it was appellant's decision to stand trial. The trial court noted that its policy for white collar crimes such as appellant's warranted a prison term of four years, with consideration of judicial release after one year. The court warned though that a different sentence might be imposed if appellant decided to plead guilty during trial. The case thereafter proceeded to trial by jury.
 {¶ 4} During the second day of trial, after the direct examination of the investigating detective as part of the State's case-in-chief, appellant opted to change his plea and plead guilty to the charges contained in the indictment. Before proceeding with the guilty plea hearing, the court notified appellant that the court would impose a prison term of four years if he pleaded guilty, and that consideration of judicial release would not be until after two years. Appellant indicated that he understood this sentence, and announced that he intended to plead guilty. The trial court thus proceeded with the requisite Crim. R. 11 hearing.
 {¶ 5} Before imposing sentence the court gave appellant and his counsel an opportunity to speak. After these statements, the court imposed the promised sentence; for the offense of theft in offense, the court imposed a prison term of four years and a fine of $5,000; and for the offense of having an unlawful interest, the court imposed a concurrent prison term of seventeen months and a fine of $2,500. The court also ordered restitution in the amount of $51,316.31.
 {¶ 6} Appellant thereafter filed the instant appeal, challenging the legality of his criminal sentence and raising the following two assignments of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED IN SENTENCING WHEN IT SENTENCED APPELLANT TO A PRISON TERM WITHOUT MAKING THE REQUISIT FINDINGS ON THE RECORD PURSUANT TO RC § 2929.11, 292.12, 2929.14".
 {¶ 8} "II. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A FOUR YEAR SENTENCE FOR A CONVICTION OF A FELONY OF THE THRID [SIC.] DEGREE WITHOUT MAKING THE REQUISITE FINDINGS JUSITIFYING [SIC] THE SENTENCE AS A MATTER OF LAW".
 I. II. {¶ 9} Appellant argues in both of his assignments of error that the trial court erred in sentencing him to an aggregate four-year prison term without making the requisite statutory findings pursuant to R.C. 2929.12(A) and 2929.14(B). Both assignments of error concern the same issues and thus will be addresses together.
 {¶ 10} At the outset we note that appellant was specifically informed of the sentence the court would impose prior to withdrawing his not guilty plea and entering a plea of guilty. Prior to the start of the jury trial both appellant's trial counsel and the trial judge noted that pre-trial plea negotiations had occurred in an attempt to resolve the case. (T., Sept. 6, 2005 at 6-9). The trial judge noted on the record that if appellant were to change his plea the sentence he would receive would be a four-year prison term with a consideration of judicial release after one year. (Id. at 8). The trial court warned appellant that a different sentence may be warranted if appellant decided to plead guilty during the trial based upon the facts brought forth during trial. Appellant chose to exercise his right to a trial by jury. (Id.).
 {¶ 11} During the second day of appellant's jury trial the trial court afforded appellant and his trial counsel a lengthy opportunity to meet with members of appellant's family to discuss the evidence against appellant, a seven-page written change of plea form, and the potential sentence. (T. Sept. 7, 2005 at 320-323). During the Crim. R. 11 dialogue, the following exchange took place:
 {¶ 12} "THE COURT: Very well. Now, this is a good time for us to talk about this. And at the outset of this matter, I stated and Mr. Haupt and I had a discussion that my view of this type of crime is well known. Because I have had several cases like this in this courtroom where individuals have been charged with taking money from a school system, taking money from a travel agency and some other matters. And Mr. Haupt has successfully defended individuals who have been charged with those types of things in this courtroom. And I certainly commend him for the way in which he has represented his clients.
 {¶ 13} "However, I view this type of crime which is commonly called white collar crime as one of those crimes based upon all the studies which I have read that the deterrent to this is prison. Some types of crimes, even crimes of violence, domestic violence, certainly drug related crimes, those are individuals who are in those situations perhaps for things which they can't control.
 {¶ 14} "It is a terrible burden, drugs, alcohol, whatever it may be. But this type of crime, particularly when it is an individual who is in a position of trust, the only deterrent for that is prison. Because all of us are susceptible to temptation. Mr. Haupt in his practice, Mr. Scott, certainly myself when I was in private practice, even now are subject to those types of temptations.
 {¶ 15} "And because of the profession which we follow, or because of the position of trust someone like yourself is in, we're held to a standard and we're also dealing with taxpayer's money.
 {¶ 16} "So I have taken the position that if a person pleads guilty in this courtroom to this type of trial that they need to go to prison. For those who have plead guilty to this in my courtroom I have sentenced them to a four-year prison term and I have stated that I would consider an application for judicial release after they had served one year in prison.
 {¶ 17} "But I also tell them there is no guaranty because when you go to prison there are rules and regulations. If you can't follow the rules and regulations in prison, then there is no way that you are going to be able to follow the rules and regulations on judicial release.
 {¶ 18} "So I get an institution report on everyone and I see what their performance has been in prison. If they get tickets, if they had to be in solitary confinement, then they don't get the judicial release at the time that I had initially indicated that I would consider it.
 {¶ 19} "So that is what I have done with individuals who've plead guilty within this courtroom. Four years with one year consideration for judicial release. And I stated that on the record when we started this trial and I also stated on the record that if at some point during the trial you decided to plead guilty I could not at that time make any promise or representation as to what my sentence would be because I would not have heard the testimony.
 {¶ 20} "Of course now I have heard testimony. And I feel that you're entitled to some consideration because it is my understanding that you are going to plead guilty to this charge. But I don't feel that you are in the same classification as those individuals who have come forward, have taken the responsibility before we started the trial, because part of the process of whatever you want to call it, rehabilitation, because that's what we deal with as judges, is fashioning a sentence which will not demean the seriousness of the crime, one which will protect the other citizens of the State of Ohio and serve as a deterrent to you and to others who decide to plead during the course of the trial the same consideration because of the same type of remorse, the same type of recognition, the same type of arrangement of taking responsibility is not there.
 {¶ 21} "So if I accept your plea of guilty if you do, in fact, plead guilty, it will be the Court's intention to sentence you to a four-year prison term, and I would consider an application for judicial release after you had served two years in prison.
 {¶ 22} "You would be given credit for time served, however, that time served goes against the four years, does not go against the two years. You will be required to serve a full two years in prison. You would be taken into custody today. You would be given credit for any time served, as I said.
 {¶ 23} "And the same caveat is in effect in regard to the judicial release. There is absolutely no guarantee, Mr. Wingert, that I will place you on judicial release. Because if an institution report comes back and shows that you have not followed the rules and regulations in prison, I will not place you on judicial release . . ." (T. Sept. 7, 2005 at 327-331).
 {¶ 24} Appellant did not object to the trial court's representation concerning the imposition of a four-year prison sentence. The trial court sentenced appellant in accordance with the court's previous representations to an aggregate four-year prison sentence.
 {¶ 25} A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
 {¶ 26} Although this case may not present a classic scenario of a case wherein the sentence was "recommended jointly by the defendant and the prosecution in the case" neither objected to the trial court's statements concerning the potential sentence it would impose upon appellant's plea of guilty. Appellant was acutely aware of the trial court's sentence having been informed both prior to trial and prior to entering his plea of guilty.
 {¶ 27} A sentence is "authorized by law" and, therefore, not subject to review, if it falls within the statutory range of available sentences. See State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340; State v. Gray, Belmont App. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 28} Appellant's sentence does not exceed the statutory range; therefore, it is authorized by law. Additionally, the trial court made sure that appellant understood the plea agreement, the sentence that the trial court would impose and that appellant's decision to plea was voluntary. Finally, the trial court imposed the exact sentence contemplated by appellant.
 {¶ 29} Furthermore, in such cases, there is no need to make the findings required under R.C. 2929.14(B) and 2929.14(E) (4). See State v. Porterfield, 106 Ohio St.3d 5, 829 N.E.2d 690,2005-Ohio-3095 in which the Ohio Supreme Court held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Id at. Paragraph 25. See also State v. Horsley,
Richland App. No. 04-CA-95, 2005-Ohio-2987, State v. Turner,
Richland App. Nos. 04-CA-01, 04-CA-27, 2005-Ohio-2986. See alsoState v. Bryant, Lucas App. No. L-03-1359, 2005-Ohio-3352, in which the court held that "the eight year sentence imposed by the trial court was an agreed upon sentence and any matters concerning that sentence are not subject to review under R.C.2953.08(D) (11). Id at paragraph 24. If the trial court is not required to independently justify the sentence, and if pursuant to R.C. 2953.08 (D), compliance with R.C. 2929.19(B) (2) (c) andState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473 is not required, then there would appear to be little, if any, grounds for appellant to appeal the sentence impose in this case.
 {¶ 30} Appellant did not premise his plea on a sentence less than that imposed by the trial court. When the trial court asked appellant if he had any questions, appellant did not raise any concerns about his prison sentence. Similarly, appellant did not indicate that he wanted to appeal any particular issue. It is well-settled that a party may not argue that the party was prejudiced by error which the party induced the trial court to commit. State v. Lentz, Miami App. No. 01CA31, 2003-Ohio-911, at ¶ 12.
 {¶ 31} Under the circumstances of the case at bar, we find that the appellant agreed to the sentenced imposed by the trial court and therefore the trial court was not required to independently justify the sentence pursuant to R.C. 2929.12(A) and 2929.14(B).
 {¶ 32} Appellant's First and Second Assignments of Error are overruled.
 {¶ 33} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.