OPINION
{¶ 1} By judgment entry filed June 9, 2004, appellant, Bryan C. Wilson, was sentenced to an aggregate term of three years in prison after pleading no contest to three counts of funding drug or marijuana trafficking, felonies of the third degree in violation of R.C. 2925.05(A)(2), one count of conspiracy to engage in drug trafficking, a felony of the fourth degree in violation of R.C. 2923.01, one count of possession of marijuana, a felony of the third degree in violation of R.C. 2925.11(A), and two counts of trafficking in drugs, felonies of the fourth and fifth degree in violation of R.C. 2925.03(A)(1).
 {¶ 2} Appellant filed a motion to modify consecutive sentences in the trial court on February 8, 2005. The trial court overruled that motion by Judgment Entry filed March 1, 2005. Appellant has appealed that decision in Case No. 2005 AP 03 0026.
 {¶ 3} On May 23, 2005 appellant filed a motion to file a delayed appeal from the trial court's original sentencing entry of June 9, 2004. This Court granted that motion on November 7, 2005. The following facts give rise to this appeal.
 {¶ 4} Appellant was originally indicted on four counts of funding drug or marijuana trafficking, felonies of the third degree in violation of R.C. 2925.05(A)(2), one count of conspiracy to engage in drug trafficking, a felony of the fourth degree in violation of R.C. 2923.01, one count of possession of marijuana, a felony of the third degree in violation of R.C.2925.11(A), and two counts of trafficking in drugs, felonies of the fourth and fifth degree in violation of R.C. 2925.03(A)(1).
 {¶ 5} Appellant entered not guilty pleas to all counts of the indictment.
 {¶ 6} A pre-trial conference was conducted on March 15, 2004. The trial court memorialized the substance of the conference in a letter to both counsel filed March 19, 2004. In relevant part, the letter stated that the court "apprised [counsel] that should Mr. Wilson change his plea from Not Guilty or No Contest to the felony criminal charges set forth in the Indictment, I would promise the following sentence: An aggregate three (3) year mandatory term of imprisonment in the Department of Rehabilitation and Correction would be imposed . . ." (Emphasis in original).
 {¶ 7} On April 20, 2004 appellant pled no contest. In exchange for this plea, the State dismissed one count of funding drug or marijuana trafficking. Prior to accepting his plea the following exchange took place:
 {¶ 8} "Mr. Wilson has entered pleas of not guilty to the felony charges in the indictment and the court has on two occasions met with his legal counsel. The first occasion was when he was represented by Christopher De La Cruz and that was on January 16 of this year. I caused a letter to be mailed on January 20, 2004, to Mr. Hipp and Mr. De La Cruz confirming that meeting and indicating that a primary jury trial would be conducted on today's date, April 20th at 9:15 in the morning.
 {¶ 9} "There was a second meeting conducted when Mr. De La Cruz was no longer involved in representing Mr. Wilson and Mr. Latanich had substituted for Mr. De La Cruz. That meeting was on March 15, 2004. Mr. Hipp, Mr. Latanich and I met. And in that meeting, Bryan, I discussed with Mr. Latanich and Mr. Hipp the facts of the case as Mr. Hipp believed them to be which is always typical. In order for me to get an idea of what has happened without a trial of course I need somebody to tell me since I don't know and so I talked with Mr. Hipp and Mr. Latanich.
 {¶ 10} "After that discussion I indicated that I would be prepared to impose the minimum sentencing but a serious sentencing involved in this case. There are mandatory minimum terms on the funding of drug or marijuana counts and that mandatory minimum is one year in prison on each count. There is a range of one year- to five years on each of those counts, maximum being five of course, but I indicated that I would select the minimum, one, but it is mandatory meaning it must be served on each count. And that's consecutive service meaning there would be a total or an aggregate of three years imprisonment as a result of your being found guilty of these crimes if that occurred.
 {¶ 11} "There are mandatory fines which are required to be imposed but if you are able to demonstrate at the time of sentencing, not today, but at the time of sentencing which will be in several weeks, actually a date I have which I'll tell you about in a moment. On that date if you are able to demonstrate that you are financially unable to pay those mandatory fines then the court has the authority to waive payment and not require payment.
 {¶ 12} "And then there are significant driver license suspension ramifications here and I indicated in a letter a fifteen year suspension which is always modifiable perhaps in the future if there's an appropriate circumstance for that.
 {¶ 13} "But, nonetheless that is what I outlined in the letter to Mr. Latanich. He shared that with you, did he not?
 {¶ 14} "MR. WILSON: Yes, he did.
 {¶ 15} "THE COURT: All right.
 {¶ 16} "Now, if you plead no contest to the three counts, not four, funding, there would be one of those charges dismissed apparently. Is that right, Mr. Hipp, or not?
 {¶ 17} "MR. HIPP: Your Honor —
 {¶ 18} "THE COURT: Are we talking about four?
 {¶ 19} "MR. HIPP: We talked about it being an aggregate sentence of three years, however it came about.
 {¶ 20} "THE COURT: But there are four counts and there are only-three mandatory counts of those four, David, is that what you're telling me?
 {¶ 21} "MR. HIPP: No, there are four mandatory.
 {¶ 22} "THE COURT: How can there be less than four years mandatory?
 {¶ 23} "MR. HIPP: I had assumed the court had thought of making one of those concurrent mandatory time.
 {¶ 24} "THE COURT: Am I allowed to do that?
 {¶ 25} "MR. HIPP: I think you are.
 {¶ 26} "THE COURT: All right. So we're talking about three years aggregate mandatory time. In essence then making one of those four funding counts concurrent with one of the others.
 {¶ 27} "MR. HIPP: One moment, Your Honor.
 {¶ 28} "To make it simple we will dismiss one of the three so —
 {¶ 29} "THE COURT: So there would be three, one on each count, mandatory minimum. All right.
 {¶ 30} "MR. HIPP: That will make it easy.
 {¶ 31} "THE COURT: So there would be then an aggregate of three as I indicated, Bryan. And that would of course be imposed at the date of sentencing. That date is June 7th of this year so we're talking about in about six weeks at 12:00 noon and I'll have that in the paperwork that I send to Mr. Latanich's office. But it's June 7th, 2004 and that day of the week is — that can't be June 7th then — that's a Sunday — no, it's a Monday. Monday, June 7th at 12:00 noon.
 {¶ 32} "Now, what that means is that on these three funding, one will be dismissed, so we've got three of those four funding counts, a count of conspiracy, a count of possession of drugs and trafficking in drugs, two counts. All of those counts then would be blended into a sentence where there would be three years in prison. If you've served any time locally on this case, and I don't know that you have, but if you have then that would be credited against the three years. But then there would be a date when you'd be ordered to report to the jail and then transported to the Department of Rehabilitation and Corrections to serve the sentence.
 {¶ 33} "In Ohio the sentence imposed by the Judge must be served in full. There's no reduction in sentence. There used to be a law in Ohio that allowed men and women who are sent to prison to benefit from a reduction in-that sentence if they served their sentence in a law abiding manner, didn't commit crimes in prison, didn't violate prison rules and regulations. That law has been changed. Now sentences must be served in full.
 {¶ 34} "Also, one of the most important things about this sentence, Bryan, is that there is no possibility of early release. Under other sentencing schematics there is. People can be released early by Judges from prison if the Judge believes that's appropriate. That's not allowed when there is mandatory sentencing. And so it's important you understand in this case that you would not be able to be released from prison on a request to be released early. The law doesn't [sic.] prohibit that in this sentencing situation.
 {¶ 35} "* * *
 {¶ 36} "Do you understand that, Bryan? "MR. WILSON: I do.
 {¶ 37} "* * *
 {¶ 38} "THE COURT: All right. And do you have any questions about what the sentence will be in this case as I've announced?
 {¶ 39} "MR. WILSON: No, I don't.
 {¶ 40} "THE COURT: All right. Is it your decision then based on the promises I made to you today and the explanations of your rights and the waiver of rights, is it your decision to change your pleas from not guilty to no contest?
 {¶ 41} "MR. WILSON: Yes, it is".
 {¶ 42} (T. April 20, 2004 at 2-12). The court also explained the constitutional rights which the appellant would be waiving with his guilty plea. The trial court informed the appellant that he had the right to have a trial by jury; that at a trial the prosecutor has the burden of proving his guilt beyond a reasonable doubt; that at a trial he gets to confront the witnesses against him through cross-examination; that at trial he has the power to compel witnesses to testify on his behalf; and that he cannot be forced to testify against himself at trial. Finally, the trial court informed the appellant that if he pled guilty, he would be waiving his right to a trial, and would come before the court for sentencing.
 {¶ 43} Appellant was sentenced on June 7, 2004. At that time the court reiterated that appellant was promised a three year sentence. (T. June 7, 2004 at 4). Appellant again stated he had nothing to say concerning sentencing. (Id. at 8). The court imposed the agreed upon sentence.
 {¶ 44} This matter is now before this court for consideration. Assignment of error is as follows:
 {¶ 45} "I. THE TRIAL COURT ERRED IN ORDERING THE APPELLANT TO SERVE HIS SENTENCES CONSECUTIVELY WITHOUT MAKING THE REQUIRED FINDINGS ON THE RECORD AT THE SENTENCING HEARING OR IN ITS JUDGMENT ENTRY ON SENTENCING."
 {¶ 46} Appellant claims the trial court erred in sentencing him. We disagree.
 {¶ 47} R.C. 2953.08(D) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge".
 {¶ 48} Although this case may not present a classic scenario of a case wherein the sentence was "recommended jointly by the defendant and the prosecution in the case" neither objected to the trial court's statements concerning the potential sentence it would impose upon appellant's plea. Appellant was acutely aware of the trial court's sentence having been informed both subsequent to the pre-trial conference and prior to entering his plea.
 {¶ 49} A sentence is "authorized by law" and, therefore, not subject to review, if it falls within the statutory range of available sentences. See State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340; State v. Gray, Belmont App. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 50} Appellant's sentence does not exceed the statutory range; therefore, it is authorized by law. Additionally, the trial court made sure that appellant understood the plea agreement and that his decision to plea was voluntary. Finally, the trial court imposed the exact sentence contemplated by both parties in the plea agreement.
 {¶ 51} Furthermore, in such cases, there is no need to make the findings required under R.C. 2929.14(B) and 2929.14(E) (4). See State v. Porterfield, 106 Ohio St.3d 5, 829 N.E.2d 690,2005-Ohio-3095 in which the Ohio Supreme Court held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Id at. paragraph 25. See also State v. Horsley,
Richland App. No. 04-CA-95, 2005-Ohio-2987, State v. Turner,
Richland App. Nos. 04-CA-01, 04-CA-27, 2005-Ohio-2986. See alsoState v. Bryant, Lucas App. No. L-03-1359, 2005-Ohio-3352, in which the court held that "the eight year sentence imposed by the trial court was an agreed upon sentence and any matters concerning that sentence are not subject to review under R.C.2953.08(D) (11). Id. at paragraph 24. If the trial court is not required to independently justify the sentence, and if pursuant to R.C. 2953.08 (D), compliance with R.C. 2929.19(B) (2) (c) andState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473 is not required, then there would appear to be little, if any, grounds for appellant to appeal the sentence impose in this case.
 {¶ 52} Appellant did not premise his plea on a sentence less than that imposed by the trial court. When the trial court asked appellant if he had any questions, appellant did not raise any concerns about his prison sentence. Similarly, appellant did not indicate that he wanted to appeal any particular issue. It is well-settled that a party may not argue that the party was prejudiced by error which the party induced the trial court to commit. State v. Lentz, Miami App. No. 01CA31, 2003-Ohio-911, at ¶ 12.
 {¶ 53} Under the circumstances of the case at bar, we find that the appellant agreed to the sentenced imposed by the trial court and therefore the trial court was not required to independently justify the sentence pursuant to R.C. 2929.12(A) and 2929.14(B).
 {¶ 54} Appellant's First Assignment of Error is overruled.
 {¶ 55} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By Gwin, P.J., Hoffman, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.