OPINION
{¶ 1} By judgment entry filed June 9, 2004, appellant, Bryan C. Wilson, was sentenced to an aggregate term of three years in prison after pleading no contest to three counts of funding drug or marijuana trafficking, felonies of the third degree in violation of R.C. 2925.05(A)(2), one count of conspiracy to engage in drug trafficking, a felony of the fourth degree in violation of R.C. 2923.01, one count of possession of marijuana, a felony of the third degree in violation of R.C. 2925.11(A), and two counts of trafficking in drugs, felonies of the fourth and fifth degree in violation of R.C. 2925.03(A)(1).
 {¶ 2} Appellant filed a motion to modify consecutive sentences in the trial court on February 8, 2005. The trial court overruled that motion by Judgment Entry filed March 1, 2005. Appellant has appealed that decision in Case No. 2005 AP 03 0026.
 {¶ 3} On May 23, 2005 appellant filed a motion to file a delayed appeal from the trial court's original sentencing entry of June 9, 2004. This Court granted that motion on November 7, 2005 in Case No. 05 AP 05 0034.
 {¶ 4} For the facts of this case see State v. Wilson, 5th Dist. No. 05 AP 05 0034. This matter is now before this court for consideration. Assignments of error are as follows:
 {¶ 5} "I. THE TRIAL COURT ERRED IN OVERRULING MOTION TO MODIFY CONSECUTIVE SENTENCES BASED ON A FALSE ASSUMPTION THAT MANDATORY TERMS MUST BE SERVED CONSECUTIVELY.
 {¶ 6} "II. THE TRIAL COURT HAS AUTHORITY TO MODIFY AN UNLAWFUL AND VOID SENTENCE THAT WAS IMPOSED CONTRARY TO STATUTORY FELONY SENTENCING MANDATES."
 I. II. {¶ 7} In this case, appellant claims the trial court erred in overruling his motion to modify consecutive sentences. Essentially, appellant contends that the trial judge was mistaken in his belief that consecutive sentences were mandatory and therefore his sentence is void. We disagree.
 {¶ 8} R.C. 2953.08(D) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge".
 {¶ 9} Although this case may not present a classic scenario of a case wherein the sentence was "recommended jointly by the defendant and the prosecution in the case" neither objected to the trial court's statements concerning the potential sentence it would impose upon appellant's plea. Appellant was acutely aware of the trial court's sentence having been informed both subsequent to the pre-trial conference and prior to entering his plea. See, State v. Wilson, 5th Dist. No. 05 AP 05 0034. The agreement in this case was for an aggregate prison term of three years on seven felony counts. See, State v. Wilson,
5th Dist. No. 05 AP 05 0034 at ¶ 32. The trial judge was aware that he could impose the sentences concurrently. Id. at ¶ 22-26. Nothing prohibited the judge from imposing consecutive sentences for any or all of the charges.
 {¶ 10} A sentence is "authorized by law" and, therefore, not subject to review, if it falls within the statutory range of available sentences. See State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340; State v. Gray, Belmont App. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 11} Appellant's sentence does not exceed the statutory range; therefore, it is authorized by law. Additionally, the trial court made sure that appellant understood the plea agreement and that his decision to plea was voluntary. Finally, the trial court imposed the exact sentence contemplated by both parties in the plea agreement.
 {¶ 12} Appellant did not premise his plea on a sentence less than that imposed by the trial court. When the trial court asked appellant if he had any questions, appellant did not raise any concerns about his prison sentence. Similarly, appellant did not indicate that he wanted to appeal any particular issue. It is well-settled that a party may not argue that the party was prejudiced by error which the party induced the trial court to commit. State v. Lentz, Miami App. No. 01CA31, 2003-Ohio-911, at ¶ 12.
 {¶ 13} Furthermore, in such cases, there is no need to make the findings required under R.C. 2929.14(B) and 2929.14(E) (4). See State v. Porterfield, 106 Ohio St.3d 5, 829 N.E.2d 690,2005-Ohio-3095 in which the Ohio Supreme Court held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Id at. paragraph 25. See also State v. Horsley,
Richland App. No. 04-CA-95, 2005-Ohio-2987, State v. Turner,
Richland App. Nos. 04-CA-01, 04-CA-27, 2005-Ohio-2986. See alsoState v. Bryant, Lucas App. No. L-03-1359, 2005-Ohio-3352, in which the court held that "the eight year sentence imposed by the trial court was an agreed upon sentence and any matters concerning that sentence are not subject to review under R.C.2953.08(D) (11). Id. at paragraph 24. If the trial court is not required to independently justify the sentence, and if pursuant to R.C. 2953.08 (D), compliance with R.C. 2929.19(B) (2) (c) andState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473 is not required, then there would appear to be little, if any, grounds for appellant to appeal the sentence impose in this case.
 {¶ 14} Under the circumstances of the case at bar, we find that the appellant agreed to the sentenced imposed by the trial court and therefore the trial court's belief as to the consecutive nature of the sentences is irrelevant. Further, compliance with R.C. 2929.19(B) (2) (c) and State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473 is not required.
 {¶ 15} Appellant's First and Second Assignments of Error are overruled.
 {¶ 16} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Gwin, P.J., Hoffman, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.