OPINION *Page 2 
{¶ 1} On June 13, 2007, the Muskingum County Grand Jury indicted appellant, Jerry Quarles, on two counts of aggravated burglary with firearm specifications in violation of R.C. 2911.11 and R.C. 2941.145, one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01 and R.C. 2941.145, one count of robbery with a firearm specification in violation of R.C. 2911.02 and R.C. 2941.145, one count of theft in violation of R.C. 2913.02, one count of safecracking in violation of R.C. 2911.31, and one count of tampering in violation of R.C. 2921.12.
 {¶ 2} On January 7, 2008, pursuant to a plea agreement, appellant pled guilty to the robbery count without the firearm specification. All the other charges and specifications were dropped. By entry filed February 19, 2008, the trial court sentenced appellant to five years in prison. Appellant did not file an appeal.
 {¶ 3} On August 4, 2008, appellant filed a pro se petition for postconviction relief, claiming he was improperly sentenced. By entry filed August 29, 2008, the trial court denied the petition.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE COURT ON AUGUST 29, 2008, DENIED THE APPELLANT'S MOTION FOR POST-CONVICTION RELIEF. THE TRIAL COURT SHOULD HAVE GRANTED THE APPELLANT'S MOTION FOR RELIEF." *Page 3 
 II {¶ 6} "MINIMUM SENTENCES ARE REQUIRED FOR FIRST TIME OFFENDER'S WHEN THE MITIGATING FACTS WERE NOT FOUND BY A JURY, OR, ADMITTED BY THE DEFENDANT."
 III {¶ 7} "CONCURRENT SENTENCES ARE REQUIRED WHEN MITIGATING FACTS WERE NOT FOUND BY A JURY, OR, ADMITTED BY THE DEFENDANT."
 I, II, III {¶ 8} In these assignments of error, appellant challenges his sentence under Blakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 350 U.S. 466, and claims the trial court erred in denying his petition for postconviction relief.
 {¶ 9} In the case sub judice, appellant pled guilty to one count of robbery, a felony in the third degree, in exchange for the dismissal of the other six counts plus the firearm specifications. Pursuant to the plea agreement, the trial court sentenced appellant to a five year prison sentence. Under R.C. 2929.14(A)(3), a felony in the third degree is punishable by "one, two, three, four, or five years."
 {¶ 10} R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (D)(1) states the following:
 {¶ 11} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 12} We find the reasoning in State v. Rockwell, Stark App. No. 2004CA00193, 2005-Ohio-5213, ¶ 20-21, to be applicable to this case: *Page 4 
 {¶ 13} "Upon review, we find that the trial court imposed the agreed upon sentence and that the sentence did not exceed the maximum sentence. Furthermore, in such cases, there is no need to make the findings required under R.C. 2929.14(B) and 2929.14(E)(4). See State v.Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095 in which the Ohio Supreme Court held that `[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.' Id at. paragraph 25. See alsoState v. Horsley, Richland App. No. 04-CA-95, 2005-Ohio-2987, State v.Turner, Richland App. Nos. 04-CA-01, 04-CA-27, 2005-Ohio-2986. See alsoState v. Bryant, Lucas App. No. L-03-1359, 2005-Ohio3352, in which the court, in response to the appellant's argument that his sentencing violated Blakely, supra., held that `the eight year sentence imposed by the trial court was an agreed upon sentence and any matters concerning that sentence are not subject to review under R.C. 2953.08(D)(11).['] Id at paragraph 24.
 {¶ 14} "In short, we find that appellant was sentenced in accordance with a jointly recommended sentence that was authorized by law. Appellant's sentence, therefore, is not subject to review."
 {¶ 15} Furthermore, appellant was not sentenced to consecutive sentences as argued in his appellate brief, as he was only given one five year sentence on one count.
 {¶ 16} Also, appellant's arguments about his sentence were available on direct appeal. He failed to file a direct appeal. Therefore, appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in State v. Perry (1967),10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine *Page 5 
of res judicata is applicable to petitions for postconviction relief. The Perry court explained the doctrine at 180-181 as follows:
 {¶ 17} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
 {¶ 18} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.
 {¶ 19} Assignments of Error I, II, and III are denied.
 {¶ 20} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, P.J. Gwin, J. and Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant. *Page 1